## POTTS ETC. *v.* GOVERNOR OF MARY-LAND, ET AL.

[No. 47, September Term, 1969.]

*Decided November 6, 1969.*

446

The cause was heard before HAMMOND, C. J., and BARNES, MCWILLIAMS, SINGLEY and SMITH, JJ.

*Donald B. W. Messenger* for appellant.

*Henry R. Lord, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Robert F. Sweeney, Deputy Attorney General,* on the brief, for appellees.

PER CURIAM.

Appellant, Lucille B. Potts, "Republican member [1] of the Board of Election Supervisors of Prince George's County * * * individually and on behalf of all Republican Election Board members similarly situated" brought this action against the Governor of Maryland and the Secretary of State of Maryland. She sought a declaratory decree that Chapter 1 of the Acts of 1969 ("the Act") is unconstitutional and an injunction restraining the Governor and Secretary of State "from appointing, issuing certificates of appointment, or allowing persons

---

1. Appellant presumably was appointed to the Board of Election Supervisors of Prince George's County prior to July 1, 1967, the effective date of Chapter 392 of the Acts of 1967 revising the election laws. Accordingly, it is assumed from the language of the bill of complaint, although it does not so state, that she was the person so appointed to represent the Republican Party under the provisions of the law as it then existed.

appointed under the provisions of [the Act] to take office as Election Board Members throughout the State of Maryland or from removing from office any of the [then] Board Members of the Several Election Boards throughout the State." For reasons which will appear, the question presented is now moot. Therefore, we shall dismiss the appeal.

This litigation is a direct by-product of a complete revision of the election laws in 1967 and the election of Governor Spiro T. Agnew as Vice-President of the United States.

From 1896 until the enactment of present Code (1968 Repl. Vol.) Art. 33, § 2-1 by Chapter 392 of the Acts of 1967 effective July 1, 1967, the Maryland election laws provided for a Board of Election Supervisors of three people with the provision that "two of them shall always be selected from the two leading political parties of the State, one from each of said parties." Code (1957), Art. 33, § 1. Provision was made for recommendation by the two principal parties. Technically, so long as a governor appointed one person from the Democratic list and one person from the Republican list, he complied with the law. As a practical matter, a governor appointed the third member from his own party, but he was not obliged under the law to appoint that person from the list submited by the State central committee of his party and did not always appoint from that list. See *Riggin v. Lankford,* 134 Md. 146, 150, 105 A. 172 (1918).

In 1967 something new was added with the provision that "[t]wo of them shall always be selected from and represent the majority party and one shall always be selected from and represent the principal minority party", and the definition of "majority party" as "the party whose candidate for Governor received the highest number of votes at the last preceding general election" and "principal minority party" as "the party whose candidate for Governor received the second highest number of votes at the last preceding general election." Code (1968 Repl. Vol.) Art. 33, § 1-1 (a) (11). This meant

that the majority party was the Republican Party by virtue of the election of Governor Agnew the previous November. All three appointments were required to come from the party lists. On January 7, 1969, Governor Agnew resigned and, for the seventh time in the history of the State, the General Assembly elected a governor. Governor Mandel, the person so elected, is a Democrat.

The Act became effective immediately upon its approval by the Governor on February 11, 1969, since it had been passed as an emergency measure "necessary for the immediate preservation of the public health and safety". It amended Section 1-1 (a) (11) of Art. 33 for the purpose of redefining the majority party. In essence it defined it as the party of the incumbent governor from time to time with similar amendment as to the principal minority party.

Appellant attacks the Act on two grounds, (1) that as "an emergency bill, [it] in effect creates and abolishes an office and shortens a term of office and grants a franchise or special privilege, within the meaning of, and in contravention of the provisions of the Maryland Constitution, Art. XVI, § 2 and is thereby unconstitutional", and (2) that no emergency necessitating the immediate preservation of the public health or safety was presented and that the declaration of emergency is subject to review of the courts for determination of whether an emergency exists. Both contentions are without merit.

We have consistently held that a legislative declaration of emergency is conclusive and not reviewable. *Heaton v. Mayor and City Council of Baltimore,* 254 Md. 605, 255 A. 2d 310 (1969) ; *First Continental v. Director,* 229 Md. 293, 302, 183 A. 2d 347 (1962) ; *Hammond v. Lancaster,* 194 Md. 462, 476, 71 A. 2d 474 (1950) ; *Norris v. Baltimore,* 172 Md. 667, 686, 192 A. 531 (1937) ; *Culp v. Comm'rs of Chestertown,* 154 Md. 620, 623, 141 A. 410 (1928).

Under Art. II, Sec. 13, and Art. XVII, Sec. 8, of the Constitution of Maryland, appellant's term as a member of the Board of Election Supervisors began on the

first Monday of June of 1967 and expired on the first Monday of June of 1969. The act in question in no manner altered that term. It created no new office and abolished no existing office. It was nothing more or less than a prescription of the qualifications of such individuals as might be appointed to take office the first Monday of June in 1969 and thereafter.

An appeal is subject to dismissal if the case has become moot. Maryland Rule 835 b (8). Appellate courts do not sit to give opinions on abstract propositions or moot questions, and appeals which present nothing else for decision are dismissed as a matter of course. *State v. Sheridan*, 248 Md. 320, 236 A. 2d 18 (1967); *Washburne v. Hoffman, etc.*, 242 Md. 519, 219 A. 2d 826 (1966); *Lloyd v. Supervisors of Elections*, 206 Md. 36, 111 A. 2d 379 (1954); *Hammond v. Lancaster, supra,* 471-72, citing DeTocqueville, *Democracy in America,* Part First, Chapter VI; Bryce, *American Commonwealth,* (3rd ed.) Chapter XXIII, pp. 256-59; *State v. Shields,* 49 Md. 301, 305 (1878).

Since the term of appellant and the term of all other members of the various Boards of Election Supervisors then in office, Democrat or Republican, expired on the first Monday of June of 1969, the case is now moot. Accordingly, the appeal must be dismissed.

*Appeal dismissed, appellant to pay the costs.*