## HAGERSTOWN REPRODUCTIVE HEALTH SERVICES and BONNY ANN FRITZ v. CHRIS ALLEN FRITZ

[No. 80, September Term, 1982.]

*Decided September 21, 1982.*

The cause was submitted to SMITH, ELDRIDGE, COLE, DAVISDON and COUCH, JJ., and J. DUDLEY DIGGES, Associate Judge of the Court of Appeals (retired), specially assigned.

Order of Court. ELDRIDGE, J., dissents and filed a dissenting opinion at page 348 *infra.*

## ORDER

Upon consideration of the appellants' motion to dismiss, on the ground that the cause is now moot, the petition for the writ of certiorari in this cause heretofore issued to the Court of Special Appeals, and the hearing set for September 20 having verbally been ordered cancelled, it is this 21st day of September 1982,

ORDERED, by the Court of Appeals of Maryland, a majority concurring, that the motion be, and it is denied without prejudice to the rights of the parties to argue mootness as hereinafter indicated; and it is further

ORDERED that this cause be briefed and argued in the normal course at which time, in addition to any other questions they may deem relevant, the parties are specifically directed to brief and argue the following questions:

1) Did the trial court err in enjoining Bonny Ann Fritz from having an abortion performed including the issues subsumed therein:

a)  Whether a husband has the right under either the Constitution of the United States or the Constitution of the State of Maryland or otherwise by law to challenge his wife's decision to have an abortion.

b)  Whether the child abuse laws of Maryland apply to a fetus being aborted.

2)  Whether a single Maryland appellate judge is vested with the power and authority to stay the order of a trial court.

3)  Whether this cause is moot.

*Eldridge, J., dissenting:*

The appellants in this case have manifested an intent to dismiss their appeal. In light of this, I would not require that the appeal be pursued. Apart from the appellants' desires, the case is clearly moot. Moreover, it does not fall within the very limited category of moot cases which ought to be decided because of the urgency of establishing a rule in a matter of important public concern. I would vacate the stay order and remand the case to the Court of Special Appeals with directions that it vacate the injunction of the Circuit Court for Washington County and remand the case to the circuit court with directions that the cause be dismissed as moot.

(1)

The sole controversy in this case concerned the right of the appellant, Bonny Ann Fritz, who was within the first trimester of pregnancy, to have an abortion in light of the objection to the abortion by her husband, the appellee Chris Allen Fritz. The Circuit Court for Washington County enjoined Bonny Ann Fritz from having an abortion, and Bonny Ann Fritz, along with the Hagerstown Reproductive Health Services, took an appeal to the Court of Special Appeals. Upon the appellants' motion, a single judge of the Court of Special Appeals on September 17, 1982, "stayed" the injunction issued by the circuit court. On the following day, September 18, 1982, this Court granted the appellee's

petition for a writ of certiorari and stayed the order of the judge of the Court of Special Appeals, thereby leaving the circuit court injunction in effect.

Next, on September 19, 1982, the appellants, Bonny Ann Fritz and Hagerstown Reproductive Health Services, filed in this Court a pleading entitled "Motion To Dismiss." The body of the motion recites that on September 18, 1982, Bonny Ann Fritz, having no notice of the order entered by this Court on that day, and acting pursuant to the September 17th order of a judge of the Court of Special Appeals, obtained an abortion. The appellants pointed out that the abortion rendered the cause moot. The appellants prayed "[t]hat an order be entered dismissing the Writ of Certiorari."

Long ago this Court, in overruling an appellee's motion to strike out an appellant's dismissal of an appeal, stated: "The appellant may at any time dismiss his appeal." *Diffenderffer v. Hughes,* 7 H. & J. 3, 4 (1825). As Poe points out, "[t]he appellant may always dismiss his appeal." 2 Poe, *Pleading and Practice* § 831 (5th ed. H. Tiffany 1925).

In the present case, the appellants did not technically enter an order dismissing their appeal. Nevertheless, their "Motion To Dismiss," which prays that the Writ of Certiorari be dismissed, obviously demonstrates an intent that the appellate proceedings be dismissed. As appellants are absolutely entitled to a dismissal of their appeal if they so desire and as appellants have indicated such desire, I would not, based upon the technical wording of the document filed in this Court, put them to the expensive and time consuming burden of briefing and arguing the various issues set forth in the majority's order.

(2)

Even if the appellants were desirous, for academic reasons, of having this Court express an opinion on the issues in this case, I do not believe that the Court should set the case for briefing and argument. The case is clearly moot.

The only controversy concerned the right of the appellant Bonny Ann Fritz to have an abortion. Mrs. Fritz has now had the abortion. There no longer exists an actual justiciable controversy between the parties. *Harford County v. Schultz,* 280 Md. 77, 371 A.2d 428 (1977). The parties are now separated, and there is no indication that either has an "interest one way or the other in the outcome of this proceeding." *Harford County v. Schultz, supra,* 280 Md. at 85.

As recently reiterated by the Court in *Attorney Gen. v. A. A. Co. School Bus,* 286 Md. 324, 327, 407 A.2d 749 (1979), "A question is moot if, at the time it is before the court, there is no longer an existing controversy between the parties, so that there is no longer any effective remedy which the Court can provide." The instant case certainly appears to meet this mootness test.

(3)

It is true that there does exist an exception to the general principle that appellate courts do not decide moot issues. This exception, however, is extremely limited. The mere presence of important legal issues or constitutional issues does not bring a case within the exception. *See, e.g., Chase v. Chase,* 287 Md. 472, 473, 486-490 (1980); *Attorney Gen. v. A. A. Co. School Bus, supra,* 286 Md. at 328 ("we recognize that this case involves a matter of important public concern . . . ."); *State v. Ficker,* 266 Md. 500, 506-507, 295 A.2d 231 (1972).

The narrow exception to the rule that an appellate court will not decide moot questions was re-stated by Chief Judge Murphy in *State v. Ficker, supra,* 266 Md. at 507, as follows:

> "an appeal, even though moot, will not be dismissed where the urgency of establishing a rule of future conduct in matters of important public concern is both imperative and manifest."

The case at bar, like the vast majority of cases in this Court which have become moot prior to the Court's decision, simply does not meet the above-quoted test. The "urgency of

establishing a rule of future conduct" is not "imperative and manifest."

The question of whether "a single Maryland appellate judge is vested with the power and authority to stay the order of a trial court" is not clearly one of prospective importance. Before this case arose, the judges of this Court had requested that the Court's Standing Committee on Rules of Practice and Procedure consider this matter and recommend a rule of procedure dealing with it. Since this case has arisen, a majority of this Court's judges have renewed the request with the Chairman of the Standing Committee on Rules of Practice and Procedure, taking the position that the matter should be governed by a procedural rule. Consequently, future cases will depend upon the provisions of the procedural rule to be adopted pursuant to this Court's constitutional rule-making power. Such cases will not be governed by the decision in the instant case.

The scope of Bonny Ann Fritz's constitutional right to an abortion during the first trimester was authoritatively delineated by the Supreme Court of the United States in *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) and *Planned Parenthood of Cent. Mo. v. Danforth,* 428 U.S. 52, 96 S.Ct. 2831, 49 L.Ed.2d 788 (1976). *See also Kindley v. Governor of Maryland,* 289 Md. 620, 627-630, 426 A.2d 908. To the extent, if any, that this case may present federal and state law issues not resolved by the Supreme Court's opinions, there has been no showing that there exists any urgency of establishing a rule of future conduct which is both imperative and manifest. In *Attorney Gen. v. A. A. Co. School Bus, supra,* 286 Md. at 328-329, the majority of this Court, speaking through Judge Davidson, indicated that before this Court would decide a moot case, there must be "evidence" showing that the controversy between the parties is likely to recur. There is a complete absence of evidence suggesting that the instant controversy between this *separated* couple is likely to recur. Moreover, there has been no indication that any groups or governmental agencies have taken a position with respect to this controversy which would likely cause it to be a recurring one. *Cf., Attorney*

*Gen. v. A. A. Co. School Bus, supra,* 286 Md. at 332-334 (dissenting opinion).

Since the controversy between husband and wife giving rise to this case no longer exists, appropriate judicial restraint militates against deciding the academic issues presented.