## HAGERSTOWN REPRODUCTIVE HEALTH SERVICES AND BONNY ANN FRITZ v. CHRIS ALLEN FRITZ

[No. 80, September Term, 1982.]

*Decided January 24, 1983.*

*Motion for reconsideration filed February 2, 1983; denied February 4, 1983.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Barbara Mello* and *Anne K. Pecora* for appellants.

*R. Martin Palmer, Jr.,* and *George W. Liebmann* for appellee.

*Amicus curiae* brief of State of Maryland, Department of Human Resources, Social Services Administration filed. *Stephen H. Sachs, Attorney General, Ralph S. Tyler* and *Margaret E. Rawle, Assistant Attorneys General,* on the brief.

*Amicus curiae* brief of Maryland National Abortion Rights Action League filed. *Carla S. Rappaport* on the brief.

*Amici curiae* brief of The National Organization for Women Legal Defense and Education Fund, Women's Law Project and the Center for Constitutional Rights filed. *Martha Wyatt* and *Blumenthal, Downs & Merrill* and *Rhonda Copelon, Ellen Yaroshefsky, Judith Avner, Anne E. Simon, Marsha Levick* and *Susan Cary Nicholas* on the brief.

ELDRIDGE, J., delivered the opinion of the Court. SMITH, COLE and DAVIDSON, JJ., dissent. SMITH, J., filed a dissenting opinion at page 273 *infra,* in which COLE and DAVIDSON, JJ., concur.

On September 15, 1982, Chris Allen Fritz filed in the Circuit Court for Washington County a "Petition To Preclude Termination Of Life Of Fetus." Named as defendants were Bonny Ann Fritz and Hagerstown Reproductive Health Services. The petition alleged that Bonny Ann Fritz was pregnant, and that the plaintiff was her husband and "the father of the unborn child." It further alleged that Bonny Ann Fritz had, earlier that day, gone to Hagerstown Reproductive Health Services for the purpose of having an abortion. The petition concluded that the contemplated abortion was "against the wishes" of the plaintiff and "against his rights as father of the child."

After a hearing, the circuit court on Friday, September 17, 1982, ordered "that the Defendants, Hagerstown Reproductive Health Services and Bonny Ann Fritz are hereby precluded and restrained from terminating the life of the unborn infant, which is the subject of these proceedings, unless the husband, Chris Allen Fritz, should later consent in writing . . . ." The defendants immediately appealed to the Court of Special Appeals. Later the same day, September 17, 1982, a single judge of the Court of Special Appeals stayed the injunction issued by the circuit court and directed that the circuit court record be forwarded to the Court of Special Appeals by Tuesday, September 21, 1982.

The next day, Saturday, September 18, 1982, the plaintiff Chris Allen Fritz filed in this Court a petition for a writ of certiorari, coupled with a request that we stay the order of the Court of Special Appeals. Later that day we granted the petition for a writ of certiorari, stayed the order of the Court of Special Appeals, directed that the trial court record be forwarded to this Court by 10:00 a.m., Monday, September 20, 1982, and set the case for oral argument on Monday at 1:00 p.m. *Fritz v. Hagerstown Repro. Health Serv.,* 294 Md. 346, 450 A.2d 906 (1982).

On the following day, Sunday, September 19th, the defendant filed in this Court a motion to "dismiss the writ of certiorari" on the ground of mootness. The motion stated "that on September 18, 1982, Appellee Fritz, having no notice of the Order of this Court entered on that day, and acting pursuant to the Order of the Court of Special Appeals

. . . entered on the previous day, obtained an abortion, thus rendering the cause herein moot." Upon receipt of the defendants' motion, we cancelled the hearing scheduled for September 20th.

On September 21, 1982, this Court denied the defendants' motion to dismiss "without prejudice to the rights of the parties to argue mootness" in the briefs and at oral argument. The September 21st order, concurred in by a majority of the judges of this Court, directed that briefs be filed and the case be argued "in the normal course of time." In addition to any other issues which the parties deemed relevant, the Court specifically directed that the parties brief and argue four questions. One of those four questions concerned the matter of mootness. *Hagerstown Repro. Health Serv. v. Fritz,* 294 Md. 347, 450 A.2d 906 (1982).[1] In accordance with the order, briefs were filed and the case has been argued.

As pointed out above, the question whether this action should be dismissed on the ground of mootness was not finally decided by our order of September 21, 1982. Instead, the majority of the Court believed that the matter should not be resolved until full briefing and argument. The case, including the question of dismissal for mootness, has now been fully briefed and argued. In our view, the action should be dismissed on the ground of mootness.

The instant case is clearly moot under the test set forth in our decisions. *Attorney Gen. v. A. A. Co. School Bus,* 286 Md. 324, 327, 407 A.2d 749 (1979) ("A question is moot if, at the

---

1. The issues set forth in our order were as follows (294 Md. at 347-348):

"1) Did the trial court err in enjoining Bonny Ann Fritz from having an abortion performed including the issues subsumed therein:

    a) Whether a husband has the right under either the Constitution of the United States or otherwise by law to challenge his wife's decision to have an abortion.

    b) Whether the child abuse laws of Maryland apply to a fetus being aborted.

2) Whether a single Maryland appellate judge is vested with the power and authority to stay the order of a trial court.

3) Whether this cause is moot."

time it is before the court, there is no longer an existing controversy between the parties, so that there is no longer any effective remedy which the court can provide"), and cases there cited. The real issue is whether a decision should be rendered on the merits of the case despite its being moot.

Generally when a case is moot, an appellate court will order that it be dismissed. *Attorney Gen. v. A. A. Co. School Bus, supra,* 286 Md. at 327; *Bishop v. Governor,* 281 Md. 521, 524, 380 A.2d 220 (1977); *Reyes v. Prince George's County,* 281 Md. 279, 291-292, 380 A.2d 12 (1977); *State v. Ficker,* 266 Md. 500, 507, 295 A.2d 231 (1972); *Lloyd v. Supervisors of Elections,* 206 Md. 36, 39-44, 111 A.2d 379 (1954). This Court has decided the merits of a moot case in only a very few instances. *See* the discussion in *Lloyd v. Supervisors of Elections, supra,* 206 Md. at 39-41.

Before deciding the merits of a moot case, we must be persuaded that there exists an "urgency of establishing a rule of future conduct in matters of important public concern" which "is both imperative and manifest." *State v. Ficker, supra,* 266 Md. at 507. We are not persuaded at this time that the present case falls within such category.

Unlike many controversies with respect to abortion, this case involves no state or local statute dealing with abortions. *Compare, e.g., H. L. v. Matheson,* 450 U.S. 398, 101 S.Ct. 1164, 67 L.Ed.2d 388 (1981); *Bellotti v. Baird,* 443 U.S. 622, 99 S.Ct. 3035, 61 L.Ed.2d 797 (1979); *Planned Parenthood of Cent. Mo. v. Danforth,* 428 U.S. 52, 96 S.Ct. 2831, 49 L.Ed.2d 788 (1976); *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Kindley v. Governor of Maryland,* 289 Md. 620, 426 A.2d 908 (1981); *Bayne v. Secretary Of State,* 283 Md. 560, 392 A.2d 67 (1978).[2] There has been no showing that the particular issues raised in this case "may frequently recur," *Attorney Gen. v. A. A. Co. School Bus, supra,* 286 Md. at 328. Finally, the brief trial court record in this case presented an inadequate foundation for many of the specific contentions advanced at oral argument before us.

---

**2.** Neither side in this case has advanced any argument based upon the

We are not at this time convinced that the case presents unresolved issues of public importance, which are likely to recur, and for which there is a manifest urgency of establishing a rule of future conduct.

> *Order of the Court of Special Appeals vacated.*
>
> *Case remanded to the Court of Special Appeals with directions that it vacate the judgment of the Circuit Court for Washington County and remand the case to that Court with directions that the cause be dismissed as moot.*
>
> *Costs to be paid by petitioner-appellee, Chris Allen Fritz.*

*Smith, J. dissenting:*

I agree that we do not sit to decide moot cases or to render advisory opinions on abstract points of law. However, a well understood principle in this State is that when a given set of facts is likely to recur frequently and upon the recurrence the same difficulty which prevented the appeal at hand from being heard in time is likely to again prevent a decision, then the Court may find justification for deciding the issues raised by a question which has become moot. See statements to that effect in, among other cases, *Reyes v. Prince George's County,* 281 Md. 279, 300, 380 A.2d 12 (1977); and *Lloyd v. Supervisors of Elections,* 206 Md. 36, 43, 111 A.2d 379 (1954).

The fact that the number of abortions is fast increasing may be gleaned from the testimony of one of the witnesses

---

Maryland statutory provisions regulating the performance of abortions, presently codified as Maryland Code (1982, 1982 Cum. Supp.), §§ 20-207 through 20-214 of the Health-General Article. *See* State v. Ingel, 18 Md.App. 514, 308 A.2d 223, *cert. denied,* 270 Md. 739, 742 (1973); Vuitch v. Hardy, 473 F.2d 1370 (4th Cir. 1973), *cert. denied,* 414 U.S. 824, 94 S.Ct. 126, 38 L.Ed.2d 57 (1973); 62 Op. Att'y Gen. 3 (1977).

produced here by the husband who said that he had partici-pated in 60,000 abortions. The first trimester of pregnancy is involved in cases such as the one at bar. Therefore, when another case arises time again will be an important factor if a decision is to be rendered.

It is well and good to say, as it was at oral argument in this case, that courts can expedite cases such as these but the fact remains that time is a factor. On important issues such as this there should be adequate time to brief, to argue, and then for the Court to research and to reflect before announcing its opinion. I submit that the type of issue here presented well exemplifies the exception to the mootness rule announced in cases such as *Lloyd.* It is the kind of issue which is likely to recur without sufficient time for regular briefing and argument. The public importance or public interest is demonstrated by the unusually large attendance at oral argument, the more than average coverage provided by the press, the fact that radio and television saw fit to have their equipment in the courtroom, and that there were sev-eral briefs amici curiae filed in this case.

We have a responsibility to decide such an important legal question in order that parties to potential controversies such as this may know their rights and that trial judges presented with issues such as in this case may know whether they should follow the well publicized opinion of the trial judge here. It should be emphasized, however, for the benefit of those who may not fully understand our role, that we are not a legislature. There is a problem of constitutional law involved here. Thus, our decision would not be based upon our own personal predilections of what might be best or best for the marriage relation but would be based upon our understanding of the decisions of the Supreme Court in matters such as this.

I have no hesitancy in saying that in my view the decision in the trial court in this case runs contrary to the holdings of the Supreme Court under the Constitution of the United States in *Planned Parenthood of Missouri v. Danforth,* 428 U.S. 52, 96 S.Ct. 2831, 49 L.Ed.2d 788 (1976); *Doe v. Bolton,*

410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973); and *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). Also, I know of no authority for a single appellate judge in this State to stay the order of a trial court.

I am authorized to state that Judges Cole and Davidson concur in the views here expressed.