476 A.2d 1160

The NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

v.

John R. TUCKER, Jr. et al.

No. 27, Sept. Term, 1984.

Court of Appeals of Maryland.

June 28, 1984.

Daniel R. Chemers, Baltimore (Peter A. Cotorceanu, Michael P. Smith and Weinberg & Green, Baltimore, and George H. Gangwere, Kansas City, Mo., of counsel, on brief), for appellant.

John H. Doud, III, Baltimore (Herbert S. Garten, Lawrence M. Garten and Fedder & Garten, P.A., on the brief), for appellees, John R. Tucker, Jr. and Walter Carswell.

Estelle A. Fishbein, Baltimore, for appellee, The Johns Hopkins University.

Argued before MURPHY, C.J., SMITH, ELDRIDGE, COLE, DAVIDSON and COUCH, JJ., and JAMES C. MORTON, Jr., Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

PER CURIAM.

The issue in the instant appeal is whether the issuance of an interlocutory injunction was proper. The activity that the injunction addressed, however, has passed; therefore, we hold that the instant appeal is moot.

In the Spring of 1984, John R. Tucker, Jr. and Walter Carswell, appellees, were students in their senior years at The Johns Hopkins University (hereinafter referred to as "Hopkins"). Appellees were members of Hopkins' varsity intercollegiate lacrosse team. The National Collegiate Athletic Association (hereinafter referred to as the "NCAA"), appellant, is an unincorporated association of colleges, universities, and other institutions of higher learning, that governs intercollegiate athletics. Hopkins is a member of the NCAA. The issue in the instant appeal arose over whether the student appellees had used up one of their four seasons of eligibility for intercollegiate competition by participating in Fall lacrosse scrimmages prior to transferring to Hopkins. Lacrosse played in the Fall is informal and is not considered part of the regular season but does involve competition with other schools. Appellees and Hopkins maintain that the applicable NCAA bylaws were vague and ambiguous. They understood the bylaws to count only the regular lacrosse season in the Spring towards eligibility. The NCAA maintains that its bylaws are clear and the word "season" refers to anytime during the academic year, thus Fall participation is counted against eligibility. Under appellees' view they were eligible to play lacrosse for the

Spring 1984 season. However, appellant's application of the NCAA bylaws would have prohibited the appellees' participation for the Spring 1984 season. When this dispute came to light, appellees sought interlocutory injunctive relief allowing them to continue to participate in lacrosse pending final resolution of the suit.

On March 23, 1984, appellees filed a Bill of Complaint and Motion for Ex Parte Injunction in the Circuit Court for Baltimore City against both Hopkins and the NCAA. On March 28, 1984 the circuit court, after a hearing, ordered Hopkins and the NCAA to allow appellees to play lacrosse for Hopkins in the remaining games of the season. On March 29, 1984, the NCAA filed a Demurrer to the Bill of Complaint and a Motion for Ex Parte Injunction and noted an appeal from the issuance of the injunction to the Court of Special Appeals. On April 3, 1984, the NCAA filed a motion with the Court of Special Appeals for a stay of the order, advancement of the argument, and expedition of the appeal. On April 4, 1984, this Court, on its own motion, issued a Writ of Certiorari to the Court of Special Appeals. On April 5, 1984, Hopkins filed a Cross-Claim and Request for Declaratory Judgment and Injunctive Relief against the NCAA. On April 6, 1984, this Court heard argument and refused to stay the interlocutory injunction, and scheduled further argument for June 6, 1984. In the interim, before further arguments could be held, the Hopkins lacrosse team completed the remaining games of the regular season and post-season play. Appellees would agree that even under their understanding of the bylaws neither student has any eligibility remaining.

The only issue before us in the instant appeal is whether the circuit court erred in issuing the interlocutory injunction. The injunction ordered only that the appellees be allowed to play in the remaining lacrosse games of the season. The appellees played in those games and the season has ended.

In *Attorney General v. Anne Arundel County School Bus Contractors Association*, 286 Md. 324, 407 A.2d 749 (1979), this Court set forth the test for mootness:

"Generally, appellate courts do not decide academic or moot questions. A question is moot if, at the time it is before the court, there is no longer an existing controversy between the parties, so that there is no longer any effective remedy which the court can provide. (Citations omitted). Accordingly, an injunction should not issue if the acts sought to be enjoined have been discontinued or abandoned. (Citation omitted).

. . . .

Of course, a court may decide a moot question where there is an imperative and manifest urgency to establish a rule of future conduct in matters of important public concern, which may frequently recur, and which, because of inherent time constraints, may not be able to be afforded complete appellate review."

*Id.* at 327–28, 407 A.2d at 752. *See also Hagerstown Reproductive Health Services v. Fritz*, 295 Md. 268, 454 A.2d 846, *cert. denied*, —— U.S. ——, 103 S.Ct. 3538, 77 L.Ed.2d 1389 (1983).

In the instant appeal, a controversy no longer exists over whether the appellees will be allowed to play lacrosse for the remainder of the season because, simply put, the season is over. Accordingly, because the only question before us is the appropriateness of the issuance of the interlocutory injunction, we hold that the appeal is moot. Further, we are not convinced that there is an imperative and manifest urgency to establish a rule of future conduct in matters of important public concern involved in the instant appeal, which, before us, involves only the issuance of an interlocutory injunction.

APPEAL DISMISSED.

COSTS TO BE PAID BY APPELLANT, THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION.