489 A.2d 1127

## COUNTY COMMISSIONERS OF CHARLES COUNTY, Maryland

v.

## SECRETARY OF HEALTH AND MENTAL HYGIENE.

**No. 127, Sept. Term, 1984.**

Court of Appeals of Maryland.

April 4, 1985.

Thomas C. Hayden, Jr., County Atty., La Plata, for appellant.

Court declined to hear argument of appellee (Stephen H. Sachs, Atty. Gen. and Marc K. Cohen, Asst. Atty. Gen., Baltimore, on brief), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY and McAULIFFE, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals (retired), Specially Assigned.

MURPHY, Chief Judge.

This appeal challenges the authority of the Department of Health and Mental Hygiene (the Department) to declare a building permit null and void and to order its rescission. We are, however, unable to reach the merits of the case because the record clearly demonstrates that the appeal is moot.

On December 21, 1981, the County Commissioners of Charles County, Maryland (the County) issued a building permit to the Ripley Community Church. On January 6, 1982, the Department issued an order declaring that the permit was null and void and ordering the County to revoke it. The church immediately ceased construction. Both the County and the church unsuccessfully pursued administrative remedies within the Department. Between the summer of 1982 and the summer of 1983 the church removed all building materials and returned the site to its original condition. Under its provisions, the building permit expired if the work was not commenced within six months, or if the work was suspended or abandoned for a period of six months after commencement.

The County appealed the administrative finding to the Circuit Court for Charles County (Ahalt, J.) which by order dated June 8, 1984, affirmed the Department's order. The County appealed.

■ Appellate courts do not sit to give opinions on abstract propositions or moot questions. *Nat'l Collegiate Athletic Ass'n v. Tucker,* 300 Md. 156, 159, 476 A.2d 1160 (1984); *Bishop v. Governor,* 281 Md. 521, 524, 380 A.2d 220 (1977); *Lucky Stores v. Bd. of Appeals,* 270 Md. 513, 538, 312 A.2d 758 (1973); *State v. Ficker,* 266 Md. 500, 506–07, 295 A.2d 231 (1972); *Potts v. Governor,* 255 Md. 445, 449, 258 A.2d 180 (1969). In *Attorney Gen. v. A.A. Co. School Bus,* 286 Md. 324, 327, 407 A.2d 749 (1979), we set forth the test for mootness:

"A question is moot if, at the time it is before the court, there is no longer an existing controversy between the parties, so that there is no longer any effective remedy which the court can provide."

*See also Koontz v. Ass'n of Classified Emp.,* 297 Md. 521, 529, 467 A.2d 753 (1983); *Hagerstown Repro. Health Serv. v. Fritz,* 295 Md. 268, 271–72, 454 A.2d 846 (1983).

■ It is clear from the record that the building permit has expired by its own terms. Whether the Department had the authority to declare the permit null and void is a purely academic question because the permit has expired. Furthermore, the merits of the case do not warrant review under the rule that an appeal, although moot, will be considered

"where there is an imperative and manifest urgency to establish a rule of future conduct in matters of important public concern, which may frequently recur, and which, because of inherent time constraints, may not be able to be afforded complete appellate review."

*Attorney Gen. v. A.A. Co. School Bus, supra,* 286 Md. at 328, 407 A.2d 749. *See also Nat'l Collegiate Athletic Ass'n v. Tucker, supra,* 300 Md. at 159, 476 A.2d 1160; *Hagers-*

*town Repro. Health Serv. v. Fritz, supra,* 295 Md. at 272, 454 A.2d 846.

The appeal is moot and must be dismissed. Maryland Rule 835(a)(6).

APPEAL DISMISSED; COSTS TO BE PAID BY THE APPELLANT.