934 A.2d 22

**Carlton M. GREEN, Personal Representative**
**of the Estate of Walter L. Green**

v.

**Helen G. NASSIF.**

**No. 11, Sept. Term, 2007.**

Court of Appeals of Maryland.

Oct. 15, 2007.

Reconsideration Denied Nov. 6, 2007.

Walter W. Green (Richard C. Daniels, Daniels & Green, L.L.C., College Park, Carlton M. Green, pro se, College Park), on brief, for appellants.

Roy I. Niedermayer (Katharine O. Porwick, Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper, Chtd., Bethesda), on brief, for appellees.

Argued before BELL, C.J., RAKER, HARRELL, BATTAGLIA, GREENE, ALAN M. WILNER, (Retired, specially assigned), DALE R. CATHELL, (Retired, specially assigned), JJ.

HARRELL, J.

This case comes before the Court from a Writ of Certiorari issued to the Court of Special Appeals before it could decide the timely appeal of Carlton M. Green, Appellant, from an Order of the Circuit Court for Prince George's County vacating a Writ of Prohibition previously issued by the Circuit Court to the Orphans' Court for Prince George's County. We heard oral argument on 11 September 2007. At that time, counsel for the parties informed this Court of a number of related proceedings initiated in the Circuit Court subsequent to vacation of the Writ of Prohibition that is the focus of the instant appeal. As a result of the information supplied by the parties' counsel at oral argument and verification of the information of record in the Circuit Court in the related litigation, we shall dismiss the instant appeal as moot.

I.

Walter L. Green died on 9 March 1993. His estate, valued in the millions of dollars, has been pending for more than 14 years in the Orphans' Court for Prince George's County. On 23 October 2006, the Orphans' Court conducted a hearing on the petition of Appellee Helen G. Nassif, Decedent's surviving widow, regarding the election of her statutory share. At the conclusion of the hearing, the Orphans' Court, sua sponte, announced that another hearing would be held regarding the removal of Carlton M. Green, Decedent's son and Appellant here, as Personal Representative of the estate.[1] In response, Appellant filed a Petition for a Writ of Prohibition in the Circuit Court on Friday, 27 October 2006, seeking to preclude the removal hearing from being held. Appellant did not name any defendants in the Petition, yet asserted several allegations of bias against him by two of the three judges of the Orphans' Court. There is nothing in the record to indicate that any

---

1. MARYLAND CODE ANN (1974, 2001 REPL.VOL.), EST & TRUSTS § 6–306(c) provides that a "hearing shall be conducted by the court prior to the removal of a personal representative. The hearing may be held on the motion of the court. . . ."

persons or entities were notified of the filing of, or served with, the Petition. The Circuit Court took no action on the Petition initially. On Monday, 30 October 2006, Appellant presented the Petition, ex parte, to a judge of the Circuit Court. The judge issued the requested Writ of Prohibition prohibiting the Orphans' Court from "conducting further proceedings in [this case] . . . pending further order from [the Circuit Court]." No person or entity implicated in the allegations of the Petition, Appellee, Appellee's counsel, the Orphans' Court, any of its judges, or the Office of the Attorney General of Maryland[2] appear to have been given notice of the filing of the Petition or the ex parte proceeding leading to the issuance of the Writ.

On the afternoon of 30 October 2006, the Writ of Prohibition was served on Appellee's counsel. The following day, Appellee responded with a Motion to Vacate the Writ of Prohibition. A different judge of the Circuit Court than the one who issued the Writ of Prohibition signed, on 31 October 2006, an Order to Vacate Issuance of Writ of Prohibition. Only Appellee was represented at the brief hearing resulting in the Order vacating the Writ. No other persons were present. On 9 November 2006, Appellant filed a Notice of Appeal to the Court of Special Appeals, ostensibly challenging the 31 October 2006 Order vacating the Writ. We issued a writ of certiorari to consider whether the Circuit Court properly could issue the original Writ of Prohibition to the Orphans' Court and, if necessary, whether the Writ was vacated properly.

At oral argument before this Court, counsel for Appellant and Appellee advised us of relevant facts occurring after vacation of the Writ, previously unknown to the Court. After the Writ of Prohibition was vacated, the estate proceeding continued in the Orphans' Court. On 2 November 2006, the Orphans' Court held an adversarial hearing regarding the

---

**2.** The Office of the Attorney General serves as the legal representative and advisor of most units of the state government, including the Orphans' Court. MD.CODE ANN. (1984, 2004 REPL.VOL.), STATE GOV'T, § 6–106.

transmission of issues to the Circuit Court and removal of Appellant as Personal Representative. The Orphans' Court denied Appellant's petition to transmit issues to the Circuit Court for trial. The portion of the hearing regarding the removal of Appellant as Personal Representative was conducted over several days, concluding on 15 November 2006. On 30 November 2006, the Orphans' Court issued Findings of Fact and Conclusions of Law and an Order removing Appellant as Personal Representative and naming Nanette K. Miller as successor Personal Representative.

Appellant filed a notice of appeal with the Circuit Court on 26 December 2006 from the Orphans' Court's 30 November 2006 Order.[3] This appeal, Case No. CAL 07–00997 in the Circuit Court, raised several issues, including challenges to the removal of Appellant as Personal Representative and the denial of Appellant's request to transmit issues to the Circuit Court for trial. In an Order dated 8 February 2007, the Circuit Court directed that Appellant's removal as Personal Representative be stayed pending resolution of the merits of that appeal and Appellant be allowed to continue in that capacity, but with his powers expressly limited to those of a Special Administrator.[4] On 8 May 2007, the Circuit Court, reaching the merits, reversed the Order of the Orphans' Court

---

3. A party may appeal a final order of the orphans' court to the circuit court and receive a de novo hearing. MD.CODE ANN.(1974,2006 REPL VOL), CTS. & JUD. PROC. § 12–502. The circuit court treats the matter as if there had never been a prior hearing or judgment in the orphans' court. *Id.* The removal of a Personal Representative constitutes an appealable final order. "It has been held that an appeal may be taken from an order ... revoking letters." *Banashak v. Wittstadt*, 167 Md. App. 627, 658, 893 A.2d 1236, 1253 (2006); *see Kerby v. Peters*, 172 Md. 1, 190 A. 511 (1937) (hearing appeal of order revoking letters of administration of an estate).

4. Although a Personal Representative generally has broad powers, the powers of a Special Administrator are limited to preserving and maintaining estate property, unless those powers are expanded by court order. *Compare* MD.CODE ANN. (1974, 2001 REPL.VOL), EST. & TRUSTS § 6–403 with MD.CODE ANN., EST. & TRUSTS § 7–401. For example, a Special Administrator cannot distribute property without court approval; however, a Personal Representative possesses such authority. MD.CODE ANN., EST & TRUSTS §§ 6–403, 7–401.

denying Appellant the transmission of issues to the Circuit Court. In that same Order, the Circuit Court directed, without further qualification or limitation, that Appellant remain as Personal Representative of the estate until further order of the Circuit Court. The Orphans' Court directive appointing Nanette K. Miller as successor Personal Representative was stayed by the Circuit Court Order. As a result, Appellant remains the Personal Representative of the estate at this time, apparently authorized to act with the full authority granted to a Personal Representative.[5]

## II.

As a result of these newly revealed facts, we must determine whether the case pending before this Court, regarding the issuance of the Writ of Prohibition and its vacation, is moot. Because we conclude that the case is moot, we shall dismiss this appeal.[6] "A case is moot when there is no longer any existing controversy between the parties at the time that the case is before the court, or when the court can no longer fashion an effective remedy." *In re Kaela C.*, 394 Md. 432, 452, 906 A.2d 915, 927 (2006). Appellant, as a result of his subsequent appeal (CAL 07–00997) to the Circuit Court, appears now to be in place as the Personal Representative of the estate and is litigating further in the Circuit Court the various disputes he has with the Orphans' Court, at least two of its judges, and Appellee. An opinion disposing of the issues in the instant appeal would be a mere advisory opinion, and, at

---

5. There may be some question whether the Circuit Court's 8 May 2007 Order placed Appellant back in the position as the fully authorized Personal Representative or continued to restrict his authority to that of a Special Administrator. It appears to us from the sequence of the proceedings in the Circuit Court appeal and language of the successive Orders entered by it that the Circuit Court intended to enable Appellant to exercise the full powers of a Personal Representative; however, we do not decide that now, leaving to the parties to pursue, if they wish, that question in the related proceedings.

6. Maryland Rule 8–602 provides that "[o]n motion or its own initiative, the Court may dismiss an appeal [because] ... the case has become moot."

that, one based on a less than fully or adversarially developed factual record where bald allegations of bias against certain Orphans' Court judges abound. "This Court does not give advisory opinions; thus, we generally dismiss moot actions without a decision on the merits." *Dep't of Human Res., Child Care Admin. v. Roth*, 398 Md. 137, 143, 919 A.2d 1217, 1221 (2007); *see State v. Peterson*, 315 Md. 73, 82, 553 A.2d 672, 677 (1989); *In re Rosa A. Riddlemoser*, 317 Md. 496, 502, 506, 564 A.2d 812, 815 (1989). In addition, Appellant's main purpose in seeking the Writ of Prohibition appears to have been to avoid a hearing in the Orphans' Court regarding his removal. That hearing has been held. After the hearing was held, the Writ of Prohibition lost any remedial benefit to Appellant. We are without an effective remedy in the instant appeal to prevent a hearing that has been held.[7]

This Court, on rare occasions, has decided moot cases. *See, e.g., Coburn v. Coburn*, 342 Md. 244, 674 A.2d 951 (1996) (exercising discretion to decide a moot case because the limited duration of protective orders may cause an issue to escape judicial review); *Peterson*, 315 Md. 73, 553 A.2d 672 (1989) (deciding a moot case because of the large number of cases that would be affected by the outcome). We "may address the merits of a moot case if we are convinced that the case presents unresolved issues in matters of important public concern that, if decided, will establish a rule for future conduct." *Coburn*, 342 Md. at 250, 674 A.2d at 954; *see Lloyd v. Bd. of Supervisors of Elections*, 206 Md. 36, 43, 111 A.2d 379, 382 (1954) ("[I]f the public interest clearly will be hurt if the question is not immediately decided, if the matter involved is likely to recur frequently, and its recurrence will involve a relationship between government and its citizens, or a duty of government, and upon any recurrence, the same difficulty which prevented the appeal at hand from being heard in time

---

7. Appellant's argument that the case is not moot because the reversal of the order vacating the writ would eliminate "appeals sitting in the Circuit Court for Prince George's County that should not be there ..." is not persuasive, particularly with the thin factual record made in the present case.

is likely again to prevent a decision, then the Court may find justification for deciding the issues raised by a question which has become moot, particularly if all these factors concur with sufficient weight."). "Before deciding the merits of a moot case, we must be persuaded that there exists an 'urgency of establishing a rule of future conduct in matters of important public concern' which 'is both imperative and manifest.'" *Hagerstown Reproductive Health Services v. Fritz*, 295 Md. 268, 272, 454 A.2d 846, 848 (1983) (quoting *State v. Ficker*, 266 Md. 500, 507, 295 A.2d 231, 235 (1972)).

We are not persuaded that the present case is such a situation where we should decide a moot case. This case does not present an issue of overarching public importance, despite its significance to the litigants.

Nor is the apparent basis for Appellant's claims likely to evade our review. The removal of Appellant as Personal Representative and appointment of Nanette K. Miller as successor Personal Representative have been stayed in the Circuit Court, pending decisions in related litigation.[8] If the underlying allegations of bias and other improprieties by certain Orphans' Court judges are to reach us again from the subsequent proceedings initiated in the Circuit Court, it hopefully will be supported by a more fully developed factual and legal record.

**APPEAL DISMISSED; COSTS TO BE DIVIDED EQUALLY BETWEEN APPELLANT AND APPELLEE.**

---

8. There are several cases pending in the Circuit Court related to the estate and these same parties (including Case Nos. CAL 07–07916, CAL 07–00997, CAL 06–25043, CAL 06–14865, CAL 06–12144, CAL 06–14909, CAL 06–06397).