20 A.3d 112

**Ariel Rosita KING**

v.

**Michael Herbert PFEIFFER.**

No. 127, Sept. Term, 2010.

Court of Appeals of Maryland.

May 20, 2011.

Roy Morris, Arlington, VA (Paul G. Griffin, Washington, DC), on brief, for Petitioner.

Sean W. O'Connell (Law Offices of Sean W. O'Connell, Arlington, VA; David Charles Masselli of David Charles Masselli, PC, Arlington, VA), for Respondent.

Anthony J. Franze, Scott M. Swafford, Arnold & Porter LLP, Washington, DC, Cameron W. Arnold, Grace Pickering, Arnold & Porter LLP, New York, NY, for Amici Curiae brief of the Domestic Violence Legal Empowerment and Appeals Project et al. in Support of Appellant.

Argued before BELL, C.J. HARRELL, BATTAGLIA, GREENE, MURPHY, ADKINS and BARBERA, JJ.

PER CURIAM ORDER.

The petition for writ of certiorari in the above-entitled case having been granted and argued, it is this 20th day of May, 2011,

ORDERED, by the Court of Appeals of Maryland, that the writ of certiorari be, and it is hereby, dismissed with costs, the petition having been improvidently granted.

MURPHY, J., Dissents.

MURPHY, J., dissenting.

The petition for *writ of certiorari* that was filed in the case at bar presents the question of whether (in the words of the petition) "a Temporary Protection Order (TPO) issued by one Circuit Court Judge [can] be 'quashed' by another 'Duty' Circuit Court Judge on an unscheduled, ex parte hearing[?]" I am persuaded that, even though the case at bar is now moot, the question presented involves "unresolved issues of public importance, which are likely to recur, and for which there is a manifest urgency of establishing a rule of future conduct." *Hagerstown Repro. Health Serv. v. Fritz*, 295 Md. 268, 273, 454 A.2d 846, 848 (1983). I therefore dissent from the decision to deny the petition before us on the ground that it was improvidently granted.

In *In re Najasha B.*, 409 Md. 20, 972 A.2d 845 (2009), this Court stated:

The State of Maryland has a *parens patriae* "interest in caring for those, such as minors, who cannot care for themselves" and "the child's welfare is a consideration that is of transcendent importance when the child might ... be in jeopardy." *In re Mark M.*, 365 Md. 687, 705–06, 782 A.2d 332, 343 (2001) (internal quotation marks omitted)

(stating that visitation may be restricted or even denied when the child's health or welfare is threatened).

*Id.* at 33, 972 A.2d at 852–53.

While I would not dissent from a decision that leaves to another day the issues of whether the "stay away" and/or "put out" provisions of a TPO can be quashed prior to an adversary hearing, in my opinion, this Court should squarely hold that the "custody" provision in a TPO does *not* operate to prevent the Circuit Court from exercising its *parens patriae* authority when presented with information that a child is in need of protection from the parent who obtained the TPO.[1]

It is clear that an appeal from a custody order does not divest the Circuit Court of jurisdiction to decide the merits of a claim that, as a result of a *material* change in circumstances that has occurred *after* the order was entered, a change in custody is in the child's best interest. *In Re Deontay J.*, 408 Md. 152, 167, 968 A.2d 1067, 1075 (2009). This Court should make it equally clear to the bench and bar of this State that the entry of a TPO does not operate to temporarily divest the Circuit Court of jurisdiction to modify or invalidate any child custody provisions in that order.

---

1.   For reasons stated in *In Re Deontay J.*, 408 Md. 152 at 160, 968 A.2d 1067 at 1071 (2009), it is of no consequence that relief from the custody provision of the TPO was requested in a pleading captioned "EMER-GENCY MOTION TO QUASH AND DISMISS."