McDONALD, J.,
Dissenting in Part.
I agree with the Majority opinion that there was a final judgment in this case. I also agree with the considerations suggested in the Majority opinion — and in the opinion of the Court of Special Appeals — for determining whether tobacco defendants should be joined as co-defendants with asbestos defendants when a complaint alleges that synergistic effects of tobacco and asbestos exposure harmed the plaintiff.
I differ with the Majority opinion on the question of mootness. In my view, the Majority opinion fails to distinguish between a case or controversy being moot and a particular issue being moot. A case is moot when there is no longer controversy between the parties or when the court can no longer provide a remedy. Green v. Nassif, 401 Md. 649, 654, 934 A.2d 22 (2007). However, a particular issue may become moot without resolving the controversy between the parties or depriving the court of the power to provide relief.
As the Majority opinion recounts, the Stidhams joined causes of action against asbestos defendants and tobacco defendants in a single complaint. The tobacco defendants moved to dismiss the claims against them on the ground that the joinder of defendants was not proper under Maryland Rules 2-212 and 2-213. The Circuit Court granted that motion. This appeal concerns the merits of the Circuit Court’s decision to dismiss the tobacco defendants.
Now that the causes of action against all of the asbestos defendants have been resolved, the basis for the Circuit Court’s order of dismissal is moot. But the controversy between the Stidhams and the tobacco defendants set forth in the causes of action pled in their complaint is not moot. The Majority opinion states that the “sole thing” sought by the Stidhams was joinder. That is not quite right. The Stidhams were not pursuing joinder in the abstract, but rather sought to *522 prosecute in this case claims concerning the allegedly synergistic effects of asbestos and tobacco against both asbestos and tobacco defendants. They are still interested in pursuing such claims against the tobacco defendants, even though the claims against the asbestos defendants have been resolved. But, as the Majority opinion accurately describes, the Circuit Court did not just sever the claims against the tobacco companies; it dismissed them. Majority op. at 509-10, 511-14, 141 A.3d at 8, 9-11.
Assume for the moment that it was legal error for the Circuit Court to dismiss the tobacco defendants.[1] It cannot be the case that a party whose claims are dismissed in error and who dutifully waits for a final judgment in order to seek relief in an appellate court loses the opportunity to pursue its claims because the rationale for the dismissal is not only erroneous, but has also become moot. That makes no sense.
The Majority states that the Stidhams seek to have the tobacco defendants reinstated “in a case that no longer exists.” Majority op. at 516, 141 A.3d at 12. However, this case “no longer exists” in the same sense that any case in which the claims against the defendants are dismissed and the plaintiffs appeal “no longer exists.” For example, in Litz v. Maryland Department of the Environment, 434 Md. 623, 76 A.3d 1076 (2013), the lower courts dismissed the claims brought against all of the various co-defendants on a variety of grounds and the plaintiff appealed. In a sense, that case “no longer existed” in the Circuit Court, as no claims remained pending there, but that did not prevent this Court from ultimately returning the case to the Circuit Court after determining that the lower courts had erred as to some of the bases for dismissal. See 446 Md. 254, 280, 131 A.3d 923 (2016).
Along the same lines, the Majority opinion quotes a statement in Silbersack v. ACandS, Inc., 402 Md. 673, 687, 938 A.2d 855 (2008), that, if dismissal of the remaining defendants *523 in that case was “for the purpose of allowing a final judgment to be entered, there would be no case left to which the dismissed defendants could be rejoined or reinstated.” However, that statement meant something quite different in the context of that case. In Silbersack, the proposal before this court was to “administratively” dismiss bankrupt asbestos defendants in order to obtain a final judgment, subject to reinstatement of those defendants later if the bankrupt defendants ever emerged from bankruptcy. Thus, in that case, the future reinstatement would involve the same defendants that the plaintiff had voluntarily dismissed from the case, not defendants as to which the plaintiff had opposed dismissal. In Silbersack, the Court was saying that, if a plaintiff voluntarily dismisses all defendants, the case is over and there is no provision for “administratively” resurrecting it. By contrast, in this case, the Stidhams have voluntarily dismissed some defendants and the Circuit Court (in their view) improperly dismissed the other defendants — a quite different situation.
It may be, for the reasons suggested in the Majority opinion, that the case against the tobacco defendants should not be retained on the “asbestos docket”[2] or perhaps should be dismissed because these defendants were added too late— or for any of a multitude of reasons — but not because the case against the tobacco defendants is “moot.” It is not the case against those defendants that is moot, but rather the rationale for dismissing them from this action that is moot.
I would remand the case to the Circuit Court to determine, in light of the considerations set forth in the Majority opinion and the opinion of the Court of Special Appeals, whether to *524 retain this action on the asbestos docket, transfer it to the regular civil docket, or dismiss it for some other reason.

. The Court of Special Appeals opinion suggests that the Circuit Court did err. The Majority opinion does not appear to reach a conclusion on that question.

. The Majority opinion appears to characterize this action, in its current form, as a "non-asbestos case.” Majority op. at 516, 141 A.3d at 12. However, the allegations of the counts of the complaint that were dismissed — and that would be restored once the order of dismissal is reversed — allege synergistic effects of asbestos and tobacco exposure. It is not entirely clear why one would label a case that consists of causes of action based in part on the effects of asbestos exposure a “non-asbestos case.”