**WASHINGTON GAS LIGHT COMPANY, Self-Insured Employer, Petitioner,**

**v.**

**Halley I. THOMAS, Respondent.**

**No. 78–1261.**

United States Court of Appeals, Fourth Circuit.

Argued April 6, 1981.

Decided May 22, 1981.

Kevin Baldwin, Washington, D. C. (Lewis Carroll, Carl W. Belcher, Douglas V. Pope, Washington, D. C., on brief), for petitioner.

Patrick Guilfoyle, Washington, D. C. (Lee C. Ashcraft, James A. Mannino, James F. Green, Washington, D. C., on brief), for respondent.

Before BRYAN, Senior Circuit Judge, and HALL and PHILLIPS, Circuit Judges.

ALBERT V. BRYAN, Senior Circuit Judge:

Respondent Halley Thomas was injured in Arlington County, Virginia on January 22, 1971 while working for petitioner Washington Gas Light Company (WGL). Thomas, a District of Columbia resident, had been hired in the District and performed the majority of his work there. Some weeks after his injury, the Virginia Industrial Commission approved an agreement between Thomas and WGL under which he received Virginia Workmen's Compensation.

In September 1974 Thomas sought additional benefits for the same disability under the District's Workmen's Compensation Act.[1] An award in his favor, entered in 1978, was reversed by this Court on the ground that it was precluded by the Full Faith and Credit Clause, U.S.Const. Art. IV, § 1, as applied to the District of Columbia by 28 U.S.C. § 1738. *Washington Gas Light Co. v. Thomas,* (4th Cir. 1979) 598 F.2d 617. The Supreme Court reversed, *Thomas v. Washington Gas Light Co.,* 448 U.S. 261, 100 S.Ct. 2647, 65 L.Ed.2d 757 (1980), and on October 16, 1980 this Court reinstated Thomas' award. However, we granted rehearing to consider two statutory questions which the Supreme Court left open on remand, *id.* at 265 n. 3, 100 S.Ct. at 2652 n.

---

1. D.C.Code Ann. §§ 36–501 & –502. Section 36–501 adopts the terms of the Longshoremen's and Harbor Worker's Compensation Act (LHWCA), 33 U.S.C. § 901 *et seq.* The District program is administered by the United States Department of Labor.

3, and now reaffirm our order of October 16, 1980.

### I.

At the time of Thomas' injury the LHWCA provided for compensation "only if the disability or death results from an injury occurring upon the navigable waters of the United States ... and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law." LHWCA § 3(a), 33 U.S.C. § 903(a). WGL concedes that the coverage of the District Act, which incorporates the LHWCA, cannot rationally be limited to navigable waters; it nevertheless insists that the remainder of the quoted sentence should be read into the District Act, thus denying compensation where, as here, it is available in another jurisdiction.

*Travelers Insurance Co. v. Cardillo,* 141 F.2d 362 (D.C.Cir.1944), held the same language fatally inconsistent with the terms of the District Act, which applies "to the injury or death of an employee of an employer carrying on any employment in the District of Columbia, irrespective of the place where the injury or death occurs." D.C.Code Ann. § 36–501. We are aware of no case overturning or even questioning *Cardillo's* ruling that section 3(a) has "no proper place in the District Act," 141 F.2d at 364. We adopt its reasoning and hold that LHWCA § 3(a) does not bar compensation in this case.

### II.

The right to compensation under the LHWCA is barred unless a claim is filed within one year of an employee's injury or death. 33 U.S.C. § 913(a). The parties agree that Thomas did not apply for benefits in the District of Columbia within one year of his injury.

The limitations period does not begin to run, however, until an employer forwards the report required by LHWCA § 30(a), 33 U.S.C. § 930(a), to the Department of Labor. LHWCA § 30(f), 33 U.S.C. § 930(f). WGL did not make the necessary report before Thomas applied for compensation in the District. WGL did file a similar report with the Virginia Industrial Commission; it contends that this served the same purpose as the section 30(a) report and that the tolling provision of section 30(f) therefore should not be invoked.

Congress enacted section 30(f) because it was concerned that some untimely claims were attributable to employers' failure to report.[2] The tolling provision has been strictly enforced against employers that, like WGL, have filed injury reports in other jurisdictions while failing to make the report required by section 30(a). *Director, Office of Workers' Compensation Programs v. National Van Lines, Inc.,* 613 F.2d 972, 983–84 (D.C.Cir.1979), *cert. denied,* 448 U.S. 907, 100 S.Ct. 3049, 65 L.Ed.2d 1136 (1980).[3] We hold that the statute of limitations was tolled, and that Thomas' claim was timely made.

This Court's order of October 16, 1980 is

Reaffirmed.

---

**2.** No doubt in some cases the delay in filing claim has been due to ignorance on the part of the employee, which would have been remedied if the procedures under the act had been set in motion by the filing of the report of injury.... The purpose of this amendment [adding section 30(f)] is to remove any possible motive to withhold such reports of injury by making the bar of the limitation upon the right to file a claim begin to run only after such report of injury has been filed ....

H.R.Rep.No. 1945, 75th Cong., 3d Sess. 9 (1938); S.Rep.No. 1988, 75th Cong., 3d Sess. 9 (1938).

**3.** The Supreme Court has noted the potential for overreaching by knowledgeable employers, who may attempt to steer employees toward the least generous of available compensation schemes. *Thomas v. Washington Gas Light Co.,* 448 U.S. at 284 n. 31, 100 S.Ct. at 2662 n. 31. This concern in part supplied the rationale for permitting successive claims in this case, *id.;* it seems equally germane to the question of whether a report to the Virginia Industrial Commission can serve as an adequate substitute for the report required by section 30(a).