486 A.2d 184

**Robert James JONES**

v.

**STATE of Maryland.**

**No. 6, Sept. Term, 1983.**

Court of Appeals of Maryland.

Jan. 9, 1985.

Gary S. Offutt, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Jillyn K. Schulze, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on brief), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON,* RODOWSKY and COUCH, JJ.

ELDRIDGE, Judge.

On March 12, 1981, Robert Jones was convicted by a Baltimore City jury of conspiracy to commit murder and accessory before the fact to the first degree murder of Michael Zurek. There were two others involved in these crimes. One had pled guilty as a principal to second degree murder before Jones's conviction. The other had been tried and convicted as a principal to first degree murder and related offenses, had appealed his conviction, and had been awarded a new trial which had not occurred at the time of Jones's conviction.

Jones appealed his convictions on various grounds. The Court of Special Appeals, in an unreported opinion, affirmed Jones's conviction of conspiracy to commit murder and reversed, sua sponte, Jones's conviction of accessory before the fact to first degree murder. In light of the second degree murder conviction of one of the principals, the intermediate appellate court applied the common law rule that an accessory could not be convicted of a greater crime than that of which his principal was convicted. Both Jones and the State filed in this Court petitions for a writ of certiorari. We granted both petitions in order to review several questions, including the Court of Special Appeals' application of the above-mentioned accessoryship rule.

After oral argument, this Court was informed by the attorneys for both sides that the defendant had died in an aborted escape attempt. His death renders all issues in this case moot.

(1)

When a civil case becomes moot, either we will vacate the trial court's judgment and remand the case with directions that the action be dismissed as moot, or we will merely

---

* Davidson, J., participated in the hearing of the case and in the conference in regard to its decision, but died prior to the adoption of the opinion of the Court.

dismiss the appeal as moot and allow the trial court judgment to stand, depending on the circumstances. *Compare, e.g., Hagerstown Repro. Health Serv. v. Fritz,* 295 Md. 268, 273, 454 A.2d 846 (1983), and *Attorney. Gen. v. A.A. Co. School Bus,* 286 Md. 324, 330, 407 A.2d 749 (1979), with *Nat'l Collegiate Athletic Ass'n v. Tucker,* 300 Md. 156, 159, 476 A.2d 1160 (1984), and *In re Special Investigation No. 281,* 299 Md. 181, 202, 473 A.2d 1 (1984).

In two recent criminal cases, where the defendants died pending the resolution of appellate proceedings in this Court, counsel for both sides stipulated that the convictions should be vacated with directions that the indictments be dismissed as moot. Based on these stipulations we filed orders to this effect. *See Thomas v. State,* 294 Md. 625, 451 A.2d 929 (1982); *Porter v. State,* 293 Md. 330, 444 A.2d 50 (1982).

After the defendant's death in the present case, the Public Defender, on the deceased's behalf, sought an order vacating the conspiracy conviction and remanding with directions to dismiss the conspiracy indictment. The Public Defender relied upon the recent *Thomas* and *Porter* cases.

The State opposed the motion to remand for a dismissal of the conspiracy indictment, urging instead that this Court dismiss only the writ of certiorari and leave the mandate of the Court of Special Appeals intact. The State relied upon cases which distinguish between a direct appeal from the conviction and a subsequent review, whether by discretionary writ of certiorari or otherwise. These cases hold that vacating the judgment of conviction and remanding for a dismissal of the indictment is appropriate only when the defendant dies while a direct appeal is pending.

The majority of recent cases support the distinction, urged by the State, between the death of a criminal defendant while a direct appeal is pending and that which occurs while subsequent certiorari or other review is pending. *Dove v. United States,* 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976); *United States v. Oberlin,* 718 F.2d 894

(9th Cir.1983); *United States v. Pauline,* 625 F.2d 684 (5th Cir.1980); *United States v. Moehlenkamp,* 557 F.2d 126 (7th Cir.1977); *United States v. Bechtel,* 547 F.2d 1379 (9th Cir.1977); *State v. Griffin,* 121 Ariz. 538, 592 P.2d 372 (1979); *Howell v. United States,* 455 A.2d 1371 (D.C.App. 1983); *In re Kravitz,* 504 F.Supp. 43, 51 n. 25 (M.D.Pa. 1980). *See also State v. Krysheski,* 119 Wis.2d 84, 88 n. 5, 349 N.W.2d 729 (1984).[1]  As stated in *United States v. Moehlenkamp, supra,* 557 F.2d at 128:

> "The mootness of an appeal of right taken from a criminal conviction brings into play different considerations than does the mootness of a petition for a writ of certiorari committed to the Supreme Court's discretion. As Mr. Justice Blackmun noted in his dissent to *Durham, [v. United States] supra* [401 U.S. 481] at 484, 91 S.Ct. 858, [at 860, 28 L.Ed.2d 200 (1971)] a court of appeals confronts a 'contrasting and very different situation' in disposing of a moot appeal of right than does the Supreme Court in disposing of a moot petition for certiorari. The Supreme Court may dismiss the petition without prejudicing the rights of a deceased petitioner, for he has already had the benefit of the appellate review of his conviction to which he was entitled of right.  In contrast, when an appeal has been taken from a criminal conviction to the court of appeals and death has deprived the accused of his right to our decision, the interests of justice ordinarily require that he not stand convicted without resolution of the merits of his appeal, which is an 'integral part of [our] system for finally adjudicating [his] guilt or innocence.' *Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956)."

---

**1.** The Supreme Court of Louisiana rejected this view in *State v. Morris,* 328 So.2d 65, 67 (La.1976), holding that the conviction should be vacated and the indictment dismissed even though the defendant's death occurred pending subsequent discretionary review.  On the other hand, in Indiana the courts will dismiss the appeal but leave the judgment intact even when the defendant dies pending direct appeal. *Whitehouse v. State,* 266 Ind. 527, 364 N.E.2d 1015 (1977).

**158**

■■■■ We agree with this reasoning and adopt the distinction drawn in the above cases. Where the deceased criminal defendant has not had the one appeal to which he is statutorily entitled, it may not be fair to let his conviction stand. But, on the other hand, where the right of appeal has been accorded and the Court of Special Appeals has decided that there was no reversible error, no unfairness results in leaving the conviction intact even though an application for further review has not been resolved when the defendant dies. The mere possibility that this Court might have reversed the conviction is not sufficient ground to order dismissal of the entire indictment.

Therefore, we shall in this case dismiss the writ of certiorari on the ground of mootness.

(2)

When a case is moot, we will ordinarily refrain from expressing a view on the merits. *Hagerstown Repro. Health Serv. v. Fritz, supra,* 295 Md. at 272, 454 A.2d 846. Nevertheless, on rare occasions we will express our views on the merits of a moot question, where there is an urgency to establish a rule of future conduct on a matter of important public concern. *See, e.g., Attorney Gen. v. A.A. Co. School Bus, supra,* 286 Md. at 328; 407 A.2d 749; *State v. Ficker,* 266 Md. 500, 507, 295 A.2d 231 (1972); *Lloyd v. Board of Supervisors of Elections,* 206 Md. 36, 43, 111 A.2d 379 (1954). The future viability of the rule which prevents an accessory from being convicted of a greater crime, or greater degree of crime, than that of which his principal was convicted, is a matter of important public concern. We believe that our views on this matter should be expressed here.

The common law developed certain procedural rules with respect to accessories which today are generally considered obsolete.[2] One of these rules mandated that an accessory

---

2. 1 Torcia, *Wharton's Criminal Law,* § 35 at 174 (14th ed. 1978); LaFave and Scott, *Criminal Law,* § 63 at 496 (1972).

could not be tried until his principal was tried, convicted and sentenced.[3] We abrogated this rule in *Lewis v. State*, 285 Md. 705, 404 A.2d 1073 (1979). In that case, the defendant was convicted of being an accessory before the fact to first degree murder after the principal was convicted but before the principal was sentenced. We examined this rule, noting that England and every American jurisdiction except Maryland had abolished it.[4] 285 Md. at 709, 404 A.2d 1073. We also pointed out that this rule was "illogical" and that it " 'shield[ed] accessories from punishment notwithstanding overwhelming evidence of their criminal assistance.' " *Id.* at 715, 404 A.2d 1073. We changed the common law to allow accessories to be tried before their principals.

As previously indicated, a related common law rule provides that an accessory may not be convicted of a greater crime than that of which his principal was convicted. *State v. Ward*, 284 Md. 189, 396 A.2d 1041 (1978); Gilbert and Moylan, *Maryland Criminal Law: Practice and Procedure*, § 21.6 at 232–234 (1983); 1 Bishop, *Criminal Law*, § 666 at 482 (9th ed. 1923); 1 Brill, *Cyclopedia of Criminal Law*, § 257 at 460 (1922). In *Ward*, this Court held that the rule applied not only when the accessory was convicted of a greater crime than the offense his principal was convicted of, but also when the accessory was convicted of a greater statutorily designated *degree* of a crime. We reversed the defendant's conviction of being an accessory before the fact to first degree murder because the principal had been convicted only of murder in the second degree. 284 Md. at 209, 396 A.2d 1041. This rule has never been expressly abrogated by this Court or the Maryland legislature. We did note, however, in a subsequent appeal by the defendant in *Ward*, rendered after the *Lewis* decision, that the rule

---

**3.** There were limited exceptions to this rule. *See State v. Ward*, 284 Md. 189, 202 n. 16, 396 A.2d 1041 (1978).

**4.** *See also State v. Ward*, 284 Md. 189, 191, 396 A.2d 1041 (1978); *State v. Williamson*, 282 Md. 100, 111, 382 A.2d 588 (1978) (Levine, J., concurring).

prohibiting an accessory's conviction of a greater crime might be illogical after the abrogation of the rule preventing an accessory from being tried before his principal. *Ward v. State,* 290 Md. 76, 80–81 n. 3, 427 A.2d 1008 (1981).

The Court of Special Appeals, in reversing Jones's conviction of being an accessory before the fact to first degree murder, stated in its opinion:

"In *Lewis v. State, supra,* the Court of Appeals abrogated the common law rule that required the principal to be sentenced before the accessory could be tried, but it did not annul the common law rule that the accessory could not be convicted of a higher crime than the principal . . . .

. . . Inasmuch as the common law rule which does not permit the accessory to be convicted of a higher crime than the principal is still viable, appellant, as a matter of law, cannot be convicted as an accessory before the fact to first degree murder."

The State, in its petition for a writ of certiorari, pointed to the anomaly created by the abrogation in *Lewis* of one of the common law accessoryship rules and by the continued adherence to the related common law accessoryship rule which prohibits convicting an accessory of a greater crime than the crime of which the principal was convicted. The State urged that this Court change the common law by abrogating the latter rule.

■ We agree with the State's position. Under our *Lewis* holding, an accessory may be tried even though the principal is never tried or is tried long after the accessory's conviction has become final, with all appellate review exhausted. Under these circumstances, the accessory clearly may be convicted of a greater crime than that which the principal is convicted of; in fact, the accessory may be convicted of a crime even though the principal is never convicted of a criminal offense. Consequently, in light of *Lewis,* the rule prohibiting the accessory's conviction of a higher crime is applicable only when the principal is tried first or both are tried at the same time. It is illogical to

retain a rule governing the crime of which one may be convicted, when its applicability depends upon the fortuitous circumstances of which actor in an alleged criminal enterprise is tried first.

Furthermore, the rule itself is unreasonable. In the *Lewis* opinion, 285 Md. at 716, 404 A.2d 1073, we said with regard to the rule preventing an accessory's trial before the principal was tried and sentenced:

> "[w]here the evidence adduced at an accessory's trial demonstrates beyond a reasonable doubt that a felonious homicide was in fact committed and that the defendant was an accessory to that crime, the defendant should not escape justice because there is yet no sentence in the principal's case or the principal may have died before he could be tried."

The same is true of the rule which does not allow an accessory before the fact to be convicted of a higher crime than the offense of which his principal was convicted. Merely because the evidence in the principal's trial may have been different, or the principal may have agreed to a favorable plea bargain arrangement, or the jury in the principal's trial may have arrived at a compromise verdict, is not a good reason for allowing the accessory to escape the consequences of having committed a particular offense.

This Court has manifested a willingness to change common law rules which have "become unsound in the circumstances of modern life." *Lewis v. State, supra,* 285 Md. at 715, 404 A.2d 1073. *See, e.g., Boblitz v. Boblitz,* 296 Md. 242, 462 A.2d 506 (1983); *Moxley v. Acker,* 294 Md. 47, 447 A.2d 857 (1982); *Williams v. State,* 292 Md. 201, 438 A.2d 1301 (1981); *Pope v. State,* 284 Md. 309, 396 A.2d 1054 (1979). Consequently, with respect to cases where the trials of accused accessories before the fact commence after the date of our opinion in the present case, an accessory before the fact may be convicted of a greater crime or greater degree of crime than that of which his principal was convicted.

WRIT OF CERTIORARI DISMISSED.