527 A.2d 34

**Stanley D. RUSSELL**

v.

**STATE of Maryland.**

**No. 141, Sept. Term, 1985.**

Court of Appeals of Maryland.

June 26, 1987.

George E. Burns, Jr., Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Deborah K. Chasanow, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen. and Jillyn K. Schulze, Asst. Atty. Gen., on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., SMITH *, ELDRIDGE, COLE, RODOWSKY, COUCH * and McAULIFFE, JJ.

McAULIFFE, Judge.

■ Following his conviction on one count of child abuse by a jury in the Circuit Court for Montgomery County, Petitioner filed a timely motion for a new trial alleging, *inter alia*, error in the admission of evidence of acts occurring outside the dates specified in the bill of particulars furnished by the State. Judge Richard Latham granted Petitioner's motion and set a date for a new trial. Before the case could be re-tried, however, Petitioner filed a motion to dismiss the indictment contending that Judge Latham's

---

* Smith and Couch, JJ., now retired participated in the hearing and conference of this case while active members of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, they also participated in the decision and adoption of this opinion.

decision amounted to a determination that the evidence at trial was legally insufficient, and that re-trial would violate his constitutional protection against double jeopardy. The motion was denied, and on the same day Petitioner filed an appeal from that ruling.[1] The Court of Special Appeals affirmed in an unreported opinion, and we granted certiorari. We have now learned that the Petitioner died on May 3, 1987.

In *Jones v. State*, 302 Md. 153, 486 A.2d 184 (1985), we held that where a petitioner's conviction had been affirmed on direct appeal and he died pending disposition of the case by this Court, the proper course of action was dismissal of the writ of certiorari. Here, however, there has never been a judgment of conviction, and the legal posture of the Petitioner following the granting of a new trial has been that of an accused awaiting trial. *See Hobbs v. State*, 231 Md. 533, 191 A.2d 238, *cert. denied*, 375 U.S. 914, 84 S.Ct. 212, 11 L.Ed.2d 153 (1963). Where the accused dies while awaiting prosecution or while a direct appeal is pending, the prosecution will abate, and if there has been a conviction it will be vacated. We shall therefore vacate the judgment of the Court of Special Appeals and direct that the case be remanded to the Circuit Court for Montgomery County for dismissal of the indictment.

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED; CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REMAND TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY FOR DISMISSAL OF THE INDICTMENT. COSTS TO BE PAID BY PETITIONER.

---

1. Unlike most other interlocutory orders, the denial of a motion to dismiss based on double jeopardy grounds is immediately appealable. *Huffington v. State*, 302 Md. 184, 187, n. 2, 486 A.2d 200, *cert. denied*, — U.S. —, 106 S.Ct. 3315, 92 L.Ed.2d 745 (1985); *Evans v. State*, 301 Md. 45, 49, n. 2, 481 A.2d 1135 (1984); *Bowling v. State*, 298 Md. 396, 401, n. 4, 470 A.2d 797 (1984).