**Eugene M. HARRIS, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent,**

**C & P Telephone Company, Intervenor.**

**No. 90–657.**

District of Columbia Court of Appeals.

Submitted Jan. 23, 1991.

Decided June 7, 1991.

■

---

Eugene M. Harris, pro se, was on the brief.

Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., filed a statement in lieu of brief for respondent.

Donald P. Maiberger was on the brief, Rockville, Md., for intervenor.

Before ROGERS, Chief Judge, FERREN, Associate Judge, and KERN, Senior Judge.

ROGERS, Chief Judge:

Petitioner Eugene M. Harris seeks review of the decision of the District of Columbia Department of Employment Servic-

es ("the Agency") dismissing his claim for workers' compensation because it was barred by the statute of limitations. We reverse and remand because the Agency did not address whether petitioner received proper notice, in accordance with the District of Columbia Workers' Compensation Act, D.C.Code § 36–332(f) (1988), that the employer had filed its report of injury.

I.

In 1977, Eugene M. Harris, petitioner, suffered a work-related injury while working as a supervisor-engineer in intervenor C & P Telephone Company's circuit provisioning center. As a result of this injury, petitioner's work activity was subject to medical restrictions and his employer assigned him to desk jobs. The petitioner's injury was aggravated in August 1983. He notified the employer of his injury at that time, and was given a new job assignment. In 1985, petitioner informed his supervisor that he had to leave his job because the work associated with his 1983 job assignment was, in his opinion, aggravating his prior injury.

On June 23, 1986, the employer filed a report with the Agency pursuant to D.C. Code § 36–332(a) (1988).[1] Apparently on that same day the employer also filed a notice of controversion of workers' compensation benefits.[2] The notice stated that the employer denied petitioner's claim for benefits due to petitioner's failure to notify his employer of "any new injuries until ... approximately three (3) years after the alleged injury." The notice further stated that the employer's report was received June 18, 1986, and that if petitioner "ha[d] not already filed an employee's claim application, Form No. 7a DCWC, you must do so within one (1) year of the date of injury or one (1) year after the last payment of compensation benefits by your employer." The record does not reflect whether the employ-

---

1. The copy of the employer's report in the record does not indicate when it was filed with the Agency. *See* note 4, *infra.*

2. The notice of controversion in the record is undated.

er sent a copy of the notice of controversion to petitioner.[3]

On December 1, 1988, petitioner filed a claim for workers' compensation benefits with the Agency. After a hearing, the Hearing Examiner ruled that petitioner's claim was time barred because he had filed his claim in 1988 when his injury occurred in 1983, and had thus failed to file his claim within one year of sustaining his injury. Petitioner, *pro se*, appealed, claiming, *inter alia*, that the employer had failed to file its report with the Agency, citing D.C.Code § 36–332 and subsection (f). On appeal, the Director modified the Hearing Examiner's decision. The Director concluded that because the employer had failed to file a report within ten days of notice of the injury, the one year statute of limitations had not begun to run until June 23, 1986, when the employer had filed its report.[4] However, since petitioner had not filed his claim until 1988, more than one year after the employer had filed its report, the Director ruled that petitioner's claim was time barred.

## II.

■ Petitioner, appearing *pro se*, contends in his brief that "no notifications" were sent, and that the employer "did not timely file." Accordingly, the principal issue on appeal is whether the employee must receive notice of the date that the employer filed its report with the Agency before the one-year limitations period in D.C.Code § 36–314(a) could begin to run.

This is a question of statutory interpretation, and although the court will defer to the Agency's reasonable interpretation of its enabling statute, *see Morris v. District of Columbia Dep't of Employment Servs.*, 530 A.2d 683, 690 (D.C.1987); *Dell v. District of Columbia Dep't of Employment Servs.*, 499 A.2d 102, 106 (D.C.1985), in order to dispose of this appeal, we must determine whether the premise underlying the Agency's decision that the claim is barred by the limitations period is consistent with the statute. *Cf. Ploufe v. District of Columbia Dep't of Employment Servs.*, 497 A.2d 464, 466 (D.C.1985) (ambiguity of notice of first level of appeal rendered notice inadequate as a matter of law).

The District of Columbia Workers' Compensation Act (Act) provides that "the right to compensation for disability or death ... shall be barred unless a claim therefor is filed within 1 year after the injury or death." D.C.Code § 36–314(a). However, the time for filing a claim under this section does not begin to run "until the employee or beneficiary is aware, or by the exercise of reasonable diligence should have been aware, of the relationship between the injury or death and the employment." *Id.* Further, an employee's awareness of injury or death will not trigger the limitations period if the employer has not filed the report mandated by D.C.Code § 36–332. Under D.C.Code § 36–332(a), the employer must, within ten days from the date of the injury, send the Agency a report on the circumstances of the injury.[5]

---

3. Sandra Hunter, an employee of C & P Telephone Company with responsibility for supervising workers' compensation claims, testified that when the employer's report was filed on June 23, 1986, petitioner was sent a "Form 7 or a Notice of Accident of Injury." According to Ms. Hunter, the purpose of Form 7 is "[t]o let the employee[s] explain in their own words what happened to them, and then I send a self-addressed envelope to them to be mailed back to me, and I send the original of that to the [Agency]." Form 7 was not made a part of the record before this court. Ms. Hunter did not indicate whether the Form indicated to petitioner that the employer had filed its report or when the statute of limitations would begin to run for filing a claim. According to Ms. Hunter, petitioner did not return the Form 7 to her. The Hearing Examiner made no finding regarding Form 7.

4. The Director refers to the Hearing Examiner's finding that the employer filed its report on August 23, 1986, but refers subsequently to the date of June 23, 1986. In this opinion, for consistency of reference, we refer to June 23, 1986, as the date that the employer filed its report.

5. D.C.Code § 36–332(a) provides:

Within 10 days from the date of any injury or death or from the date that the employer has knowledge of a disease or infection in respect of such injury, the employer shall send to the Mayor a report setting forth: (1) The name, address, and business of the employer; (2) the name, address, and occupation of the employee; (3) the cause and nature of the injury or death; [and] (4) the year, month, day, and hour when and the particular locality where

If the employer "fails, neglects, or refuses to file [the] report [within ten days from the date of injury or death], the limitations in § 36–314(a) shall not begin to run against the claim of the injured employee ... until such report shall have been furnished as required by subsection (a) of [D.C.Code § 36–332]." *Id.* § 36–332(f).

The statute does not expressly require that a copy of the employer's report be provided to the employee, nor that the one-year limitations period shall not commence until the employee has received notice the employer has filed its report. *See* note 5, *supra.* However, consistent with the humanitarian purposes of the Act, *see Ferreira v. District of Columbia Dep't of Employment Servs.*, 531 A.2d 651, 655 (D.C.1987) and cases cited, it necessarily follows that until the employee has notice that the employer's report has been filed with the Agency, the limitations period of § 36–314(a) cannot begin to run. *Cf. Kleiboemer v. District of Columbia*, 458 A.2d 731, 735 (D.C.1983) (look to legislative purpose in determining whether statute of limitations is tolled). This is clear from the statutory scheme and legislative history.

The Act requires that the Agency "[o]n receiving the [employer's] report shall notify the injured employee of the employee's rights and obligations under [the Act]." D.C.Code § 36–332(g). The Agency's duty under this provision would appear broad enough to require notification to the injured employee that the employer had filed its report, and that a claim must be filed within one year thereafter. *Cf.* D.C.Code § 36–320 (agency has duty to notify employer within ten days after claim is filed by employee). Moreover, the Act incorporates a discovery rule in defining the time within which a claim for benefits must be filed. *Id.* § 36–314(a) ("The time for filing a claim shall not begin to run until the employee ... is aware, or by the exercise of reasonable diligence should have been aware, of the relationship between the injury ... and the employment"). Applying a notice requirement for the triggering event of the limitations period is consistent with the statutory scheme and necessary to assure that legitimate benefit claims are not denied. Otherwise, a meritorious compensation claim would be barred as a result of the effect of a triggering event of which the employee is unaware. *Cf. Bussineau v. President and Directors of Georgetown College*, 518 A.2d 423, 425 (D.C.1986) (apply discovery rule where statute of limitations under D.C.Code § 12–301 is triggered by obscure event); 2B A. LARSON, WORKMEN'S COMPENSATION LAW, § 78.41(b) (1989) ("The number of jurisdictions that are still capable of destroying compensation rights for failure to file a claim at a time when its existence could not reasonably have been known has dwindled"). In addition, the language of § 36–332(f) is identical to the provision of the federal Longshore and Harbor Workers' Compensation Act (LHWCA) which has been interpreted strictly against the employer who fails to file injury reports as required by the statute.[6] *See Grillo v. National Bank of*

the injury or death occurred. The employer shall also send a copy of the report together with such other information as may be required by the Mayor to the Department of Employment Services.

6. D.C.Code § 36–332(f) is identical to § 30(f) of the LHWCA, 33 U.S.C. §§ 901, 930 (1988). According to the legislative history of the LHWCA, subsection (f) was added to the statute because of Congressional concern that:

reports of injuries have not been transmitted as required by [§ 30(a) of] the Longshoremen's Act and, subsequently, when the injured workman has filed [a] claim for compensation after the time limitation fixed in the act has expired, this delay, rather than any lack of merit in the claim, has been relied on to avoid payment of compensation. No doubt in some cases the delay in filing [the] claim has been due to ignorance on the part of the employee, which would have been remedied if the procedures under the act had been set in motion by the filing of the report of injury. It may be that in some cases the report of injury has been withheld by the employer with the intention of defeating the employee's claim through the delay which might thus result.... The purpose of this amendment [adding section 30(f) ] is to remove any possible motive to withhold such reports of injury by making the bar of the limitation upon the right to file a claim begin to run only after such report of injury has been filed, in all cases in which the employer or insurance carrier in fact possessed the information upon which to make the report.

*Washington,* 540 A.2d 743, 749 n. 15 (D.C. 1988) (courts look to the federal interpretation of the LHWCA in interpreting the local workers' compensation statute).

This interpretation of the statutory scheme is consistent with the regulations promulgated under the Act by the Agency. Under the regulations, the limitations period does not begin to run until the employer has filed its report with the Agency. 7 DCMR § 203.3 (1986). A document is deemed to be filed only when it is either hand delivered or sent by registered or certified mail to the Agency, *and* a copy is sent to all interested parties. *Id.* § 228.2. The employee is defined under the regulations as an interested party. *Id.* § 299.1. Accordingly, unless the employer sent a copy of its report to the employee, the limitations period did not begin to run.

■ Petitioner contends now, as he did at the time of his intra-agency appeal, that the employer had failed to file its report in accordance with D.C.Code § 36–332 and specifically referenced, in his intra-agency appeal, subsection (f), which tolls his time for filing a claim until the employer has filed its report. In the absence of a finding by the Agency with respect to when petitioner received notice that the employer had filed its report, we are unable to determine whether his claim was time barred or whether petitioner was lulled into inaction. *See Spellman v. Am. Sec. Bank,* 504 A.2d

1119, 1124 (D.C.1986). In denying petitioner's claim, the Agency did not address whether he had received notice that the employer had filed its report. *See Dankman v. District of Columbia Bd. of Elections and Ethics,* 443 A.2d 507, 513 (D.C. 1981) (en banc) (agency must follow its regulations). The Director merely concluded that since the employer filed its report on June 26, 1986, and petitioner did not file his claim until more than one year later, his claim was barred. Nothing in the record indicates whether the employer sent a copy of its report to petitioner or petitioner was otherwise notified that the employer had filed its report.[7] Accordingly, since the one-year limitations period could not commence until petitioner had notice that the employer had filed its report, we reverse and remand the case to the Agency.

Upon remand, the Agency shall make findings on whether petitioner had notice that the employer had filed its report, in 1986, and if so, the date on which he received notice. If the Agency finds that petitioner did not file his claim until more than one year after he received such notice, the Agency then must determine whether petitioner was notified by the Agency that he had to file his claim within one year of receiving notice that the employer had filed its report.[8] If the Agency finds that petitioner was not notified, then the Agency

H.R.REP. No.1945, 75th Cong., 3d Sess. 9 (1938), S.REP. No. 1988, 75th Cong., 3d Sess. 9 (1938). *See Washington Gas Light Co. v. Thomas,* 649 F.2d 275, 277 (4th Cir.1981) ("Congress enacted 30(f) because it was concerned that some untimely claims were attributable to employers' failure to report.... The tolling provision has been strictly enforced against employers that ... have filed injury reports in other jurisdictions while failing to make the report required by section 30(a)").

7. Indeed, the deficiencies in the record before this court have impeded our review. It may well be that adequate notice was provided to petitioner by the employer or the Agency so that the one-year statute of limitations had expired before he filed his claim. Because the Hearing Examiner did not make findings on the issue of notice to petitioner, the need for a remand is clear.

8. Even if the Agency found that petitioner had received the notice of controversion, *see* note 3,

*supra,* the Agency could not rely on the notice of controversion as providing petitioner with notice of his rights. The notice of controversion erroneously stated that petitioner "must [file a claim] within one (1) year of the date of injury or one (1) year after the last payment of compensation benefits by your employer." Under the Act, petitioner had one year from the date he was notified that the employer's report was filed in which to file his claim. *See Askin v. District of Columbia Rental Hous. Comm'n,* 521 A.2d 669, 675 (D.C.1987) (stressing "importance of removing ambiguity from the notice context in [ ] areas of administrative law"); *Ploufe, supra,* 497 A.2d at 465–66 (reversing determination of ineligibility where notice of appeal was ambiguous); 2B A. LARSON, *supra,* § 78.47 ("[m]istake of law is no more an excuse in connection with a late compensation claim than anywhere else unless ... it is induced by the [agency]").

must determine whether the lack of notice operated to toll the limitations period under D.C.Code § 36–332(g). *See Morris, supra,* 530 A.2d at 690. If the Agency determines that the limitations period was tolled, then the Agency must determine whether petitioner is barred on other grounds from receiving benefits under the Act; otherwise, his claim for benefits must be granted.

*Reversed and remanded.*

KERN, Senior Judge, dissenting:

The majority reverses the determination by the District of Columbia Department of Employment Services (DOES) that petitioner's claim for disability compensation is barred by the time limitation contained in the Workers' Compensation Act of 1979 ("the Act"), D.C.Code §§ 36–301 to 36–345 (1989 Repl.), upon a point none of the parties raised, much less discussed in their briefs.

The facts are uncomplicated. Petitioner[1] asserts that he incurred his injury in 1983, which he contends manifested itself in 1985, and does not dispute the fact that he filed his claim in 1988. Petitioner acknowledges that he was represented by counsel during a part of this time. The Act provides that "the right to compensation for disability ... shall be barred unless a claim therefor is filed within 1 year after the injury...." D.C.Code § 36–314(a) (1989 Repl.). The Council of the District of Columbia has expressly provided in the Act a single ground for the tolling of the running of its limitation proviso: where the employer, on notice of an injury, fails to file a required report of the injury within ten days, "the limitations in § 36–314(a) shall not begin to run against the claim of the injured employee" until the employer files with DOES such report. D.C.Code § 36–332(f) (1989 Repl.).

DOES found the date of the alleged injury to be 1983, the date the employer filed the report of the injury to be 1986, and the date petitioner filed his claim alleging he suffered an injury in "1983–1985" to be 1988. Based upon this chronology, DOES concluded that the one-year limitation the Act imposes upon claims was tolled until 1986, but that petitioner's claim was still time-barred because more than one year elapsed between the time the employer filed the report of the injury (1986) and the time petitioner filed his claim (1988).[2]

Petitioner does not contend that his failure to file his claim timely resulted from his own ignorance or being lulled into inaction by his employer. Rather, petitioner contends, in his Petition for Review, that a claim was filed in 1985, and then adds in his brief, that his employer "did not timely file after being notified." DOES found that petitioner filed his claim in 1988 and the evidence supports that finding. There is no evidence in the record indicating that petitioner filed a claim in 1985. Furthermore, DOES concluded, in compliance with the applicable law, that since intervenor-employer had not filed its report until 1986, the limitation did not begin to run until the time the employer's report was filed. Thus, DOES afforded petitioner the remedy the statute provides for the situation where an employer fails to file its report within ten days of acquiring notice of an injury—a tolling but not a waiver of the statutory limitation. Therefore, petitioner presented no grounds for reversal.

---

1. The record reflects that petitioner, a college graduate, is quite familiar with the litigation process, having participated at various times in another workers' compensation case, a personal injury suit, and an equal employment complaint.

2. The representative of the intervenor-employer testified that not until June 1986 had she received notice from the supervisor of petitioner that he claimed he incurred a work-related injury in 1983 which he asserted manifested itself in 1985. She testified that she filed the report with the Office of Workers' Compensation at that time. She also immediately transmitted to petitioner a standard DOES form, "Form 7 or Notice of Accident or Injury[,]" the purpose of which was "[t]o let the employee explain ... what happened...." Although she sent petitioner a self-addressed envelope for petitioner's return transmission, petitioner never responded. Thus, it is clear that in June 1986, petitioner was on notice that information supporting a claim was needed.

The majority does not take issue with the DOES findings and conclusion with respect to the issues that petitioner raised and the intervenor-employer and respondent addressed. Rather, it rules on issues not raised or briefed before this court. The majority states:

> The petitioner ... contends in his brief that "no notifications" were sent, and that the employer "did not timely file." Accordingly, the principal issue on appeal is whether the employee must receive notice of the date that the employer filed it's report with the Agency before the one-year limitations period in D.C.Code § 36–314(a) could begin to run.[3]

Although the majority acknowledges "[t]he statute does not expressly require ... that the one-year limitations period shall not commence until the employee has received notice the employer has filed its report[,]" the majority reverses DOES because it "did not address whether petitioner received proper notice, in accordance with the [Act] ... that the employer had filed its report of injury." The majority concludes that DOES must find that petitioner actually received notice that the employer filed its report before the statute of limitations can begin to run.[4] This issue was not raised either in petitioner's petition for review or in his brief. Furthermore, the issue was not raised in the Agency

proceeding. Therefore, the issue is not properly before this court.

The second issue addressed by the majority was similarly not raised by the parties either in this court or before DOES. The majority seizes upon the language contained in § 36–332(g) of the Act that provides DOES "[o]n receiving the [injury] report [from the employer] shall notify the injured employee of the employee's rights and obligations under [the Act]." The majority concludes from this language that the Council likely intended that the one-year limitation on filing a claim for injury it provided in the Act is tolled unless and until DOES notifies the employee of the one-year limitation.

As the majority acknowledges, the Act does not expressly toll the limitation of claims by employees against their employers on the ground advanced by the majority. Nowhere is it stated by the Council in the Act that a failure by DOES to provide notice of an employee's obligation tolls the running of the Act's limitation on claims against employers who have complied with the Act.[5] Nor is there legislative history to support the majority's interpretation.

These issues were not raised before DOES or in this court, nor have we had the benefit of input by DOES,[6] the party most

---

**3.** When read in context, petitioner's statements do not raise this issue. Petitioner asserted:

> In 1988 I called Workman's Compensation to find out about the case for scheduling. I was told that the Company never filed in 1985; consequently, no notifications were sent. At this time I began my contacts with Worker's Compensation and C & P Legal. I also informed Ms. Hunter [the representative of intervenor] that Mr. Foster [petitioner's supervisor] maliciously refused to report the case as told to him and Legal was never informed. I informed her that when I reported the case to my Manager, District and Medical Department that C & P had proper notification. It is my contention that the C & P did not timely file after being notified. It is also my contention that the Workman's Compensation laws apply to employers as well as employees.

**4.** The record reflects that the intervenor-employer in 1986 filed a standard DOES form with DOES, denying that the alleged injury to petitioner was work-related. At that time, petitioner had counsel. This particular form is a part of the record, is denominated "Original," con-

tains the name and address of petitioner, and states in bold print on its face: "If you have not already filed an employee's claim application form 7A DCWC, you must do so within one (1) year of the date of injury...." The majority speculates petitioner never received a copy of this form and, apparently, that his counsel was unaware of the one-year limitation on a claim for disability. Petitioner did not so allege.

**5.** *See generally* 2B A. LARSON, WORKMEN'S COMPENSATION LAW § 78.10 (1989) (purpose of limitation is "to protect the employer against claims too old to be successfully investigated and defended"). *Cf. Kaiser Found. Hosp. v. Worker's Comp. App. Board,* 39 Cal.3d 57, 216 Cal.Rptr. 115, 702 P.2d 197 (1985) (statute of limitations tolled when employer breached its statutory duty to notify employee of his rights).

**6.** DOES, which did not file a brief in the instant case but adopted the brief of the intervenor-employer, should not be expected to anticipate and rebut arguments not raised on appeal. To con-

affected by our ruling and the agency the Council has vested with primary responsibility to administer the Act. Under the particular circumstances, I would affirm the decision of DOES and refrain from interpreting the Act that DOES administers without first hearing its views. Therefore, I respectfully dissent.

clude otherwise would render meaningless the requirement that the grounds for appeal be set forth in the petition for review. *See* D.C.App. Rule 15(c).