Eugene M. HARRIS, Petitioner,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent,

C & P Telephone Company, Intervenor.

No. 90–AA–657.

District of Columbia Court of Appeals.

Sept. 20, 1994.

Before FERREN and SCHWELB,[*] Associate Judges, and KERN, Senior Judge.

---

* Former *Chief Judge* ROGERS was a member of the division that heard and decided this case. After her departure from the court, *Associate Judge* SCHWELB was selected by lot to replace her.

## ORDER

PER CURIAM.

On consideration of this court's order of April 2, 1993, directing that the petition for rehearing filed by intervenor be held in abeyance pending the hearing on the merits, and that the record on review be supplemented to include "petitioner's Exhibit 1B," and the Department of Employment Services compensation order of May 20, 1994, it is

ORDERED that rehearing is granted. It is

FURTHER ORDERED that the appeal is dismissed as moot. It is

FURTHER ORDERED that the decision of the court entered on June 7, 1991, and reported at 592 A.2d 1014, is vacated.

Statement of Senior Judge KERN, with whom Associate Judge SCHWELB joins, on granting the rehearing, dismissing the appeal, and vacating the opinion:

In *Harris v. District of Columbia Department of Employment Services*, 592 A.2d 1014, 1018 (D.C.1991), we held that "unless the employer sent a copy of [the injury report it was mandated to make to the Department of Employment Services ("DOES")] to the employee, the limitations period did not begin to run" under the District of Columbia Workers' Compensation Act. D.C.Code §§ 36–301 to –345 (Repl.1993). We reversed the determination by respondent (DOES) that because petitioner's complaint was filed in 1988, more than one year after his employer's filing of its report in 1986, petitioner's claim was necessarily barred by the Act's one-year statute of limitations, § 36–332(f). We remanded the case for further findings as to when petitioner received notice that his employer had filed its report with DOES and whether the limitations period had been tolled due to delay of that notification.

Petitioner then filed a motion to supplement the record on review and to dismiss summarily the appeal and remand the case for a hearing on the merits. On May 19, 1992, we ordered that the motion to supple-

ment the record on review be granted for petitioner's Exhibit 1B. Exhibit 1B is Employee's Notice of Accidental Injury or Occupational Disease filed by petitioner with the Office of Workers' Compensation on May 8, 1986. We further ordered that petitioner's motion was granted to the extent that this appeal was remanded to the DOES for a hearing on the merits of petitioner's claim.

The admission of Exhibit 1B into the record on review essentially mooted the court's original opinion directing DOES to determine on remand when petitioner was informed that his employer filed the report with DOES. Exhibit 1B reveals that petitioner filed a claim *prior to* the employer filing its report. Therefore, the inquiry as to whether petitioner was notified of his employer's subsequent filing was rendered inconsequential. In essence, Exhibit 1B made this court's opinion of June 7, 1991, unnecessary. The panel then clarified its May 19, 1992, order with an order on April 2, 1993, directing that on remand DOES should also determine whether the documents filed in this Court, including Exhibit 1B, constitute a timely filed claim. In addition, we ordered that the petition for rehearing filed by intervenor be held in abeyance.

On May 20, 1994, a Hearing and Appeals Examiner denied petitioner's claim for relief, concluding that the Act did not apply to this case. The examiner found that petitioner's August 1983 injury was a recurrence of an injury sustained on March 22, 1977, and, therefore, was not amenable to adjudication under the Act which became effective on July 26, 1982.[1] In his finding of facts the examiner found that the parties stipulated that the claim was filed in a timely manner. Thus, the parties accepted Exhibit 1B as conclusively establishing that petitioner had indeed filed a claim in a timely manner.

Given this court's prior acceptance into the record of Exhibit 1B and the parties' stipulation on remand that the claim was timely filed we now vacate our earlier opinion, reported at 592 A.2d 1014, since the issue determined by this Court is and was moot or non-existent. "[T]he vacation by a deciding

1. The examiner concluded that injuries sustained prior to the effective date of the Act are governed by the prior act, the Workmen's Compensation Act of May 17, 1928.

appellate court of its own opinion once rendered is a discretionary matter." *Wheeler v. Goulart*, 623 A.2d 1177, 1178 (D.C.1993). Exhibit 1B reveals that our earlier opinion was never relevant to the factual situation because there is no dispute as to whether petitioner timely filed a claim. The opinion should be vacated since it is advisory and resolves an issue that, in light of new information, is no longer an issue on appeal and because the petition for rehearing and rehearing *en banc* was still pending. *See Clarke v. United States*, 286 U.S.App.D.C. 256, 915 F.2d 699 (1990) (*en banc*) (vacating panel decision when rehearing and suggestion for rehearing *en banc* where pending and issue rendered moot because old law expired and new law passed); *cf., Wheeler, supra*, 623 A.2d at 1177 (refusing to vacate opinion after denial of rehearing *en banc* despite settlement of suit).

The June 7, 1991, opinion of this court is vacated and the pending petitions dismissed.

---

FERREN, Associate Judge, concurring in part and dissenting in part:

I agree with my colleagues that rehearing should be granted and that the appeal should be dismissed as moot. I disagree, however, with the part of the order vacating our division opinion at 592 A.2d 1014. But for that decision remanding the case for further findings with respect to petitioner's receipt of notice that his employer had filed its report with DOES, we would have affirmed the judgment. The opinion, now vacated, served as the basis for the remand and provided a sound analysis for doing so. The fact that, upon remand, facts were ascertained that preserved petitioner's claim provides no basis, in my judgment, for vacating the opinion that made the remand—and ultimate result—possible.