**Thomas WEST, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 89–CF–417.**

District of Columbia Court of Appeals.

June 15, 1995.

Allen W. Levy, Public Defender Service, Washington, DC, for appellant on the Suggestion of Death.

James Klein and David Reiser, Public Defender Service, Washington, DC, for appellant on the Supplement to Suggestion of Death.

Jay B. Stephens, U.S. Atty. at the time the Suggestion of Death was filed, and John R. Fisher, Asst. U.S. Atty., Washington, DC, for appellee.

Before WAGNER, Chief Judge, SCHWELB, Associate Judge, and BELSON, Senior Judge.

## ON MOTION FOR SUGGESTION OF DEATH

BELSON, Senior Judge:

Counsel for appellant Thomas West has filed a suggestion of appellant's death. This filing requires us to determine whether in a criminal case the death of an appellant,

whose conviction had already been affirmed on direct appeal by a division of this court but whose petition for rehearing en banc was pending at the time of death, should prompt this court to dismiss the petition and the appeal, and remand the case to the trial court to vacate the conviction and order the abatement of the prosecution. We hold that a deceased petitioner who has had the benefit of his appeal of right before he died and was left at the time of his death with only the opportunity to petition for discretionary further review is not entitled posthumously to a remand for abatement of the proceedings.

Appellant was convicted in Superior Court of distribution of a controlled substance, D.C.Code § 33–541(d) (1993), and possession with intent to distribute a controlled substance, D.C.Code § 33–541(a)(1) (1993). His conviction was affirmed by a division of this court. *West v. United States,* 604 A.2d 422 (D.C.1992). Appellant filed a timely petition for rehearing en banc, which stayed issuance of the mandate until disposition of the petition. D.C.App.R. 41(a). The full court unanimously joined in an order denying the petition for rehearing en banc, unaware that four days earlier counsel had filed a suggestion of appellant's death and requested that the court deny the petition for rehearing en banc, dismiss the appeal and remand the case to the Superior Court for vacation of appellant's conviction. The suggestion of death and related requests for relief were certified to this motions division for consideration.

Appellant argues that this court's ruling in *Howell v. United States,* 455 A.2d 1371 (D.C. 1983) (en banc), supports his contention that his conviction should be abated *ab initio,* pointing out that in *Howell* we stated that "[w]hen the defendant dies before he has exhausted his right of appeal" the underlying conviction should be vacated and the prosecution abated *ab initio. Id.* at 1372. We disagree.

Consideration of the procedural background of *Howell,* quite different from that of the present case, clarifies why our holding there does not support appellant's contention. A division of this court *reversed* Howell's conviction for possession of marijuana and remanded the case with directions to

suppress the marijuana evidence. *Id.* Upon learning of the division's decision, appellant's counsel tried to telephone Howell, only to learn that he had been murdered some five months before the division opinion issued. *Id.* Upon being notified of that fact, government counsel filed a suggestion of death. *Id.* Over the objection of Howell's counsel, the division vacated its opinion reversing the conviction and dismissed the appeal, *nunc pro tunc. Id.* The en banc court took a different view, ordering not only that the appeal be dismissed, but also that the case should be remanded to the trial court so that the conviction could be vacated and the prosecution abated by reason of death. *Id.* at 1373.

In reaching our decision in *Howell,* we relied on the Supreme Court's decision in *Dove v. United States,* 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976), a case in which the Court dismissed a petition for certiorari that was pending at the time the petitioner died. In its brief opinion in *Dove,* the Supreme Court stated that to the extent that its holding was inconsistent with its previous opinion in *Durham v. United States,* 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971), *Durham* was overruled. Upon the death of the petitioner in *Durham* while his petition for certiorari was pending, the Supreme Court had disposed of the case by granting the petition for certiorari, vacating the judgment below, and remanding the case to the District Court with instructions to dismiss the indictment. While the language of *Dove* was cryptic, it is frequently interpreted as holding that, upon the death of an appellant, appeals of right should be treated differently from discretionary appeals. *See, e.g., United States v. Pauline,* 625 F.2d 684 (5th Cir. 1980); *United States v. Moehlenkamp,* 557 F.2d 126, 128 (7th Cir.1977); *Jones v. State,* 302 Md. 153, 486 A.2d 184 (1985).

This court was of that view in *Howell,* stating: "The rationale for distinguishing between cases of death pending an appeal as of right and cases involving death pending discretionary review of a conviction is compelling." *Howell, supra,* 455 A.2d at 1373. In making that observation, this court relied upon and cited portions of the opinion in *Moehlenkamp, supra,* where the United

States Court of Appeals for the Seventh Circuit stated:

> The mootness of an appeal of right taken from a criminal conviction brings into play different considerations than does the mootness of a petition for a writ of certiorari committed to the Supreme Court's discretion. As Mr. Justice Blackmun noted in his dissent to *Durham, supra* at 484, 91 S.Ct. at 860–61, a court of appeals confronts a "contrasting and very different situation" in disposing of a moot appeal of right than does the Supreme Court in disposing of a moot petition for certiorari. The Supreme Court may dismiss the petition without prejudicing the rights of a deceased petitioner, for he has already had the benefit of the appellate review of his conviction to which he was entitled of right. In contrast, when an appeal has been taken from a criminal conviction to the court of appeals and death has deprived the accused of his right to our decision, the interests of justice ordinarily require that he not stand convicted without resolution of the merits of his appeal, which is an "integral part of [our] system for finally adjudicating [his] guilt or innocence." *Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956).

557 F.2d at 128; *Howell, supra,* 455 A.2d at 1373.

The highest court of Maryland has stated in a similar situation:

> Where the deceased criminal defendant has not had the one appeal to which he is statutorily entitled, it may not be fair to let his conviction stand. But, on the other hand, where the right of appeal has been accorded and the Court of Special Appeals has decided that there was no reversible error, no unfairness results in leaving the conviction intact even though an application for further review has not been resolved when the defendant dies. The mere possibility that this Court might have re-

versed the conviction is not sufficient ground to order dismissal of the entire indictment.

*Jones, supra,* 486 A.2d at 187.[1]

D.C.Code § 11–721(b) (1989) establishes an appeal as of right for certain aggrieved parties, including appellant in the instant case. Appellant's exercise of his appeal as of right resulted in the affirmance of his convictions. *West, supra,* 604 A.2d at 428. At that point his *right* to appellate review was extinguished. Rehearing and rehearing en banc are granted at the discretion of the court, D.C.App.R. 40(b), and cannot be equated with an appeal as of right. The fact that he has a "right" to petition a court for further review, whether review en banc by this court or certiorari by the United States Supreme Court, does not mean as appellant's counsel suggests that appellant has any further appeals of right.

Our holding in *Wheeler v. Goulart,* 623 A.2d 1177 (D.C.1993), an appeal in a civil case involving a settlement rather than a death, is not to the contrary. Appellant sought the vacation of an opinion that this court had rendered in an expedited mid-trial appeal. *Id.* A settlement occurred before the case was concluded, but after this court had denied appellant's petition for rehearing en banc. *Id.* After settlement, appellant moved this court to vacate its opinion. We declined to vacate, emphasizing that under the circumstances the decision whether to vacate the opinion was committed to the court's discretion. *Id.* at 1179. We pointed out that appellant had not sought a stay of the mandate of this court after the denial of her petition for rehearing en banc, and thus this court's mandate had issued in the ordinary course. *Id.* That, we said, marked the end of appellate jurisdiction. *Id.*

In *Harris v. District of Columbia Dep't of Employment Servs.,* 648 A.2d 672 (D.C.1994), an appeal in a civil case in which a petition

---

1. The Maryland Court of Appeals took its action in *Jones* despite the fact that it had granted certiorari. Taking a different tack, the Illinois Supreme Court has held that the accused's death will result in abatement where a higher court has exercised its discretion and affirmatively granted a second appeal which was pending when petitioner died, taking the view that this made the situation more analogous to an initial appeal as of right. *People v. Mazzone,* 74 Ill.2d 44, 23 Ill.Dec. 76, 79, 383 N.E.2d 947, 950 (1978). This court need not choose between these contrasting rulings at this time.

for rehearing remained pending while further proceedings took place before the administrative agency, we eventually decided in the exercise of our discretion to vacate our original opinion. *Id.* at 673. The mandate upon the original opinion could not have issued since we had ordered the petition for rehearing held in abeyance pending a hearing on the merits before the agency. *See* D.C.App.R. 41(a). In the same order we provided that the record on review for rehearing would include new information that made the original opinion moot. *Harris, supra,* 648 A.2d at 673. Based upon the supplemental record, we granted rehearing and vacated the earlier opinion as moot. *Id.*

■ Even if we assume that the holdings in *Wheeler* and *Harris,* both civil cases, are fully applicable to this criminal appeal, the issue of whether the mandate has issued is not decisive. Issuance of the mandate is essentially a ministerial and procedural step. It is not a prerequisite to an application for certiorari to the United States Supreme Court, U.S. Supreme Ct.R. 13.4, nor to the jurisdiction of the Supreme Court. Nor is it itself final in nature—a mandate can be recalled. *See, e.g., Stratmon v. United States,* 631 A.2d 1177 (D.C.1993); *Griffin v. United States,* 598 A.2d 1174 (D.C.1991); *In re A.C.,* 539 A.2d 203 (D.C.1988); *Fireison v. Pearson,* 520 A.2d 1046 (D.C.1987). Although the issuance of the mandate is a factor we may consider in exercising our discretion with respect to whether to vacate an opinion, we find far more salient, at least in criminal cases, the inquiry into whether appellant had the benefit of his appeal of right prior to his death. *See Howell, supra,* 455 A.2d at 1372.

■ We hold that because appellant has had his appeal of right fully considered and ruled upon by the court and no further appeal of right remains, appellant's death does not warrant vacating the opinion and remanding the case for vacation of the conviction and abatement of the proceedings. As the Maryland Court of Appeals stated, the "mere possibility" of relief on further discretionary review does not afford "sufficient ground [for] order[ing] dismissal of the entire indictment." *Jones, supra,* 486 A.2d at 187.

At the time of appellant's death, all that was pending before this court was a request for further discretionary review. Accordingly, consistent with our observations in *Howell, supra,* 455 A.2d at 1371, this court's order denying appellant's motion for en banc review is vacated and the motion denied as moot, and the clerk is directed to issue the mandate affirming appellant's conviction.

*So ordered.*